**Robert MANGELS, Plaintiff,**

v.

**CITY OF ORANGE, et al., Defendants.**

**No. CV 87–6673 WJR.**

United States District Court,
C.D. California.

Feb. 22, 1988.

---

Marc C. Block, Huntington Beach, Cal., for plaintiff.

Bruce D. Praet, Ferguson, Praet & Sherman, Orange, Cal., for defendants.

## ORDER OF DISMISSAL

REA, District Judge.

This matter comes before the Court on defendants' motion to dismiss. The Court having considered the papers filed in support thereof and in opposition thereto and having heard oral argument,

IT IS HEREBY ORDERED that the motion is GRANTED.

### FACTS

Plaintiff, Robert Mangels, brings this action under 42 U.S.C. sections 1983 and 1986, alleging civil rights violations on the part of the City of Orange and Officers Roberts, Green and Sirks of the City of Orange Police Department. It arises from an incident which occurred on August 11, 1984, when Officer Roberts cited Mangels for failing to stop at a traffic signal. Mangels vehemently denied that he had failed to stop and, according to Roberts, refused to sign the citation. According to Mangels, he was not given the opportunity to sign the ticket.

In either event, Mangels was arrested and detained for approximately five hours. He was subsequently charged with two misdemeanor infractions by way of a first amended complaint filed on January 24,

1985. The charges were allegedly pending in municipal court until February 20, 1987, when, according to Mangels, they were "favorably resolved."

This action was filed on October 6, 1987, alleging causes of action under 42 U.S.C. sections 1983 (deprivation of civil rights under color of law) and 1986 (neglect to prevent conspiracy to violate civil rights). Mangels claims that he was arrested without probable cause and subjected to cruel and unusual punishment, under color of law and in violation of his constitutional rights. He further claims that the five hour detention caused him to miss a critical business meeting, resulting in substantial financial losses. The action comes before the Court on defendants' motion to dismiss the complaint as time-barred or, alternatively, for failure to state a claim under 42 U.S.C. sections 1983 or 1986.

## DISCUSSION

■ In the absence of a federal statute of limitations for claims arising under the Civil Rights Acts of 1866 and 1871, the controlling statute of limitations is the most appropriate one provided by state law. *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975). In California, these are one year for the section 1983 claim, Cal.Code of Civ.Proc. (CCP) Sec. 340 (one year limit for tort actions), and three years for the section 1986 claim, CCP Sec. 338(1) (three year limit for actions upon liabilities created by statute). *See Donoghue v. County of Orange*, 828 F.2d 1432, 1436 (9th Cir.1987).

■ The claims at issue accrued on the date of the incident, August 11, 1984. *See Venegas v. Wagner*, 704 F.2d 1144, 1146 (9th Cir.1983). This action was not commenced until October 6, 1987, more than three years later. It must be dismissed as untimely, therefore, unless saved by a state tolling doctrine. Such rules apply in actions brought under section 1983, *Board of Regents v. Tomanio*, 446 U.S. 478, 486–87, 100 S.Ct. 1790, 1796–97, 64 L.Ed.2d 440 (1980), and section 1986, *Donoghue v. County of Orange*, 828 F.2d at 1436–37.

■ Plaintiff contends that this action is saved from the statute of limitations by the tolling provision of Cal.Govt.Code section 945.3 (West Supp.1988). Added in 1981 to the state Tort Claims Act, Cal.Govt.Code section 810 et seq. (West 1980), section 945.3 prohibits a person charged with a criminal offense from bringing a civil action for damages against a peace officer or the employer based upon conduct of the peace officer relating to the charges, while the charges are pending. It further provides that "[a]ny applicable statute of limitations for filing and prosecuting these actions shall be tolled during the period that such charges are pending before a justice, municipal or superior court."

Applied to this action, section 945.3 would toll the statute of limitations on plaintiff's claims until the criminal charges against him were resolved on February 20, 1987, less than one year before the suit was filed. Defendants assert, however, that section 945.3 does not apply to federal civil rights actions and that, as a result, plaintiff may not rely on its tolling clause. The Court agrees.

Whether section 945.3 applies to federal civil rights actions appears to be a question of first impression. The California Supreme Court long ago made clear that a section 1983 plaintiff need not exhaust the administrative remedies set forth in the state Tort Claims Act. *Williams v. Horvath*, 16 Cal.3d 834, 129 Cal.Rptr. 453, 548 P.2d 1125 (1976). The court proceeded to note, however, that not all provisions of the Tort Claims Act are inconsistent with the federal law. *Id.*, 16 Cal.3d at 842, 129 Cal.Rptr. 453, 548 P.2d 1125.

Although it is situated within the network of provisions that comprise the state Tort Claims Act, section 945.3 contains no language limiting its scope to state law claims. In the context of claims brought under the Civil Rights Act of 1871, however, the Court is compelled to disregard section 945.3 as plainly "inconsistent with the federal policy underlying the cause of action under consideration." *Johnson v. Railway Express Agency, Inc.*, 421 U.S.

454, 465, 95 S.Ct. 1716, 1722, 44 L.Ed.2d 295 (1975).

Two federal policies underlying the Civil Rights Act of 1871 are especially pertinent to this action. Perhaps the most significant is the goal of ensuring plaintiffs in such actions immediate access to federal courts. In refusing to require section 1983 plaintiffs to exhaust state administrative remedies, the Supreme Court has emphasized:

> The 1871 Congress intended ... to "throw open the doors of the United States courts" to individuals who were threatened with, or who had suffered, the deprivation of constitutional rights (citation omitted) and to provide these individuals immediate access to the federal courts notwithstanding any provision of state law to the contrary.

*Patsy v. Florida Board of Regents,* 457 U.S. 496, 504, 102 S.Ct. 2557, 2561, 73 L.Ed. 2d 172, 180 (1982). Section 945.3's mandatory stay on filing claims against certain governmental agencies and employees, however temporary, is inconsistent on its face with this congressional objective.

Access to a federal forum is supported by a second policy implicated by section 945.3. The provision of a federal remedy for civil rights violations reflected in part the mistrust of the 1871 Congress for state fact-finding processes. *Id.,* 457 U.S. at 506, 102 S.Ct. at 2562. By requiring resolution of related criminal charges prior to bringing a civil action, section 945.3 creates a potential for deference to findings of fact made in the state criminal proceedings. This effect is inconsistent with the federal policy of entrusting the fact-finding process to a forum perceived by the 1871 Congress to be better insulated from local prejudice. *Id.*

The Court concludes that section 945.3, when applied to claims brought under the Civil Rights Act of 1871, is plainly inconsistent with important federal policies underlying such causes of action. Because no basis exists for treating section 945.3 differently in this respect than other state exhaustion requirements, Mangels need not have refrained from filing the instant claim until the criminal charges against him were resolved.

Since Mangels *could* have commenced this action immediately, it remains barred under the statute of limitations unless saved by a state tolling rule. *Board of Regents v. Tomanio,* 446 U.S. at 486–87, 100 S.Ct. at 1796. While there is no federal tolling rule in section 1983 actions, *id.* at 490–92, 100 S.Ct. at 1798–99, "[t]he teaching of ... *Tomanio* ... is that there is no federal policy underlying [Civil Rights Act] claims which is inconsistent with the application of the state tolling doctrine." *Donoghue v. County of Orange,* 828 F.2d at 1437.

California tolling rules, however, do not extend to the facts of this case. Under the doctrine of equitable tolling, the state courts have tolled the statute of limitations when a person has "several formal legal remedies and reasonably and in good faith pursues one." *Jones v. Tracy School Dist.,* 27 Cal.3d 99, 108, 165 Cal.Rptr. 100, 104, 611 P.2d 441, 445 (1980); *See also Collier v. City of Pasadena,* 142 Cal. App.3d 917, 923, 191 Cal.Rptr. 681 (1983). These circumstances are not present in this case, and the Court is aware of no other tolling rule under California law applicable to these facts.

Plaintiff appears to maintain that the tolling clause contained in section 945.3 constitutes a distinct state tolling rule upon which he may rely, notwithstanding the Court's holding that section 945.3 does not apply to this action. The argument is unsound. Section 945.3's tolling clause has a specific purpose: to provide those persons temporarily barred by the statute from bringing lawsuits with additional time in which to file them. Plaintiff may not prevail upon section 945.3's tolling clause without having been subject to its disabilities. To hold otherwise would permit words and phrases to be plucked from statutes as if they existed in a vacuum. As Judge Learned Hand said in *NLRB v. Federbush Co., Inc.,* 121 F.2d 954, 957 (2d Cir.1941): "Words are not pebbles in alien juxtaposition; they have only a communal existence; and not only does the meaning of each

interpenetrate the other, but all in their aggregate take their purport from the setting in which they are used."

The Court therefore finds that this action is barred by the statute of limitations. Because this ruling is dispositive of the instant motion, the Court declines to rule on the merits of defendants' argument that the complaint is substantively deficient.

For all the above reasons, defendants' motion to dismiss is granted. The Court orders the action dismissed with prejudice.