**Bassey UDOM, Plaintiff–Appellant,**

v.

**Daniel FONSECA, et al.,
Defendants–Appellees.**

No. 87–6231.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 2, 1988.

Decided May 20, 1988.

Before HUG, KOZINSKI and THOMPSON, Circuit Judges.

KOZINSKI, Circuit Judge:

In this appeal we consider two questions: (1) what is the proper procedure for raising a claim that the applicable statute of limitations has been tolled; and (2) whether the district court abused its discretion in dismissing the case without prejudice because plaintiff did not file an amended complaint within the time allotted to him.

### Facts

This appeal arises out of a civil rights suit brought by plaintiff against the City of Bell, the City of Cudahy, the council members of both cities, Bell–Cudahy's Chief of Police, and several individual police officers. Bassey Udom, an immigrant from Nigeria, claims that on December 17, 1984, he was accosted by three police officers while in the City of Bell. Plaintiff alleges that he was beaten by these three officers and shot with an electronic stun gun called a Tazer. Plaintiff also alleges a conspiracy to deprive him of his civil rights, claiming that each predicate act of this conspiracy was part of the policies, customs and practices of the Cities of Bell and Cudahy, and of the Bell–Cudahy police department.

Defendants did not file an answer to Udom's complaint; instead, they moved to dismiss, arguing that plaintiff's claim was time-barred under California's one-year statute of limitations. The district court granted the motion on June 1, 1987, and announced that it would dismiss plaintiff's claims without prejudice. The court gave plaintiff 30 days to amend his complaint to state any claims he might have that were not time-barred.

On June 11, 1987, plaintiff filed a motion for reconsideration of the district court's dismissal. Relying on Cal.Gov't Code § 945.3 (West Supp.1988), Plaintiff asserted, for the first time, that the limitations period should have been tolled until the conclusion of the criminal proceedings against him. On June 30, 1987, the day before the second amended complaint was

Thomas E. Beck, Los Angeles, Cal., for plaintiff-appellant.

Dennis I. Floyd, Burke, Williams & Sorensen, Los Angeles, Cal., for defendants-appellees.

due, and while the motion for reconsideration was still pending, plaintiff sought an extension of time to file the second amended complaint. The motion was denied on July 1, 1987. Undaunted, plaintiff attempted to file the amended complaint on July 6. The clerk refused to file the complaint and returned it to plaintiff.

A hearing was held on the motion for reconsideration on July 13. The district court denied plaintiff's motion for reconsideration, refused plaintiff permission to file its second amended complaint, and dismissed all the claims with prejudice for failure to file a timely amended complaint.

## Discussion

■■■ **A.** Having held plaintiff's claims barred by the statute of limitations, the district court properly granted him leave to amend in order to state any claims that were not time-barred. *See, e.g., Miller v. Rykoff–Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir.1988) ("leave should have been freely granted since amendment was not shown to be futile"); *Mayes v. Leipziger,* 729 F.2d 605, 608–09 (9th Cir.1984); *Wilburn v. Pepsi–Cola Bottling Co.,* 492 F.2d 1288, 1290–91 (8th Cir.1974); *see also* 5 C. Wright & A. Miller, *Federal Practice & Procedure* § 1357, at 611–13 (1969). The court also properly rebuffed plaintiff's attempts to raise the defense of tolling by way of a motion for reconsideration. In order to invoke the benefit of tolling, the plaintiff must allege facts that, if believed, would provide a basis for tolling. Such facts must normally be alleged in the complaint, rendering it impervious to a motion to dismiss based on a statute of limitations defense. If plaintiff wanted to claim the benefits of Cal.Gov't Code § 945.3, he should have taken advantage of the 30 days allotted to him to amend his complaint.

Plaintiff failed to do this. He raised the tolling argument by way of a motion for reconsideration instead. But this was an inadequate substitute for amending the complaint. In effect, plaintiff was attempting to expand the scope of his complaint by making allegations in a collateral document not subject to counter by means of an answer or motion to dismiss. The district court was therefore perfectly justified in rejecting the motion for reconsideration and standing by its earlier ruling dismissing the complaint as time-barred.

■■■ **B.** The district court erred, however, in refusing to grant plaintiff leave to file the amended complaint late and then dismissing the case with prejudice because plaintiff had failed to file the amended complaint within the time allotted. While plaintiff should have filed an amended complaint within the 30 days given to him, his failure to do so amounts to a relatively minor transgression. He raised his tolling argument within the 30 days, albeit clumsily, by way of motion for reconsideration. Although, for the reasons stated above, this was not the proper way to proceed, plaintiff at least acted promptly, putting opposing counsel and the district court on notice as to the nature of, and legal authority for, his tolling claim. Moreover, plaintiff sought timely consent from opposing counsel for a few additional days to file the amended complaint. Curiously, this basic courtesy, which would have resolved the problem and avoided this costly and time-consuming appeal, was declined by defense counsel. Still within the 30–day period, plaintiff's counsel then filed a motion requesting additional time to file the amended complaint. Even when the court denied the motion, plaintiff did not give up; he attempted to file the amended complaint a few days later. Plaintiff's transgression delayed the case for a total of 5 days.

■■ Under the circumstances, we hold that the district court abused its discretion in failing to give plaintiff the opportunity to file the amended complaint a few days late. While we do not condone plaintiff's conduct, his delay was plainly not occasioned by neglect or disrespect for the court. Plaintiff's counsel perhaps should have acted more skillfully but he certainly never abandoned the litigation. If the district court nevertheless believed that the delay was sanctionable, it was not entitled to select dismissal with prejudice—the most severe sanction available—as its first

recourse. *Hamilton v. Neptune Orient Lines, Ltd.*, 811 F.2d 498, 500 (9th Cir.1987) (Kennedy, J.) ("meaningful alternatives must be explored"); *Von Poppenheim v. Portland Boxing & Wrestling Comm'n*, 442 F.2d 1047, 1054 (9th Cir.1971), *cert. denied*, 404 U.S. 1039, 92 S.Ct. 715, 30 L.Ed.2d 731 (1972). The court might have reprimanded counsel, imposed a small fine, awarded defendants attorney's fees they may have incurred as a result of the delay, or warned plaintiff that further transgressions would be dealt with harshly, including possible dismissal. But dismissing the case, even though plaintiff appeared to have a viable tolling argument, was too much too soon.

C. On appeal, the parties briefed the substance of plaintiff's tolling claim. We are unable to rule on this issue, however, because plaintiff's second amended complaint (which would have raised the factual basis for the claim) was rejected and is therefore not part of the record. We therefore remand to the district court with instructions that it allow plaintiff to file a second amended complaint. The plaintiff's tolling claim can be addressed by the district court at such time as this issue is properly presented, presumably by a motion filed by the defendants.

REVERSED and REMANDED.