Neal JOHNSON, Plaintiff,

v.

CITY OF CHICO, Brent McBride, Officer Weber, Officer Williams, Defendants.

No. Civ. S–88–621 LKK.

United States District Court, E.D. California.

Nov. 17, 1989.

Jay–Allen Eisen, Sacramento, Cal., for plaintiff.

Philip B. Price, Price, Price, Brown & Halsey, Chico, Cal., for defendants.

## ORDER

KARLTON, Chief Judge.

Once again a confrontation between a citizen and law enforcement officers has given rise to a subtle question relating to the right to bring suit pursuant to the provisions of 42 U.S.C. § 1983. The instant question arises in the context of defendants' motion to dismiss premised on the assertion that the time within which to bring suit has expired. Although the question presented is very close, it appears to this court that the motion should be denied. Nonetheless, because reasonable minds could disagree, and this disposition otherwise meets the criteria for interlocutory appeal, the court will certify the question pursuant to 28 U.S.C. § 1292(b).

## I

### The Complaint And The Motion

Plaintiff commences his well-drafted complaint by explaining that this action for damages is brought pursuant to 42 U.S.C. § 1983 and that accordingly, jurisdiction is

conferred by 28 U.S.C. §§ 1331 and 1343(a). Plaintiff also alleges that "[t]he court has pendent jurisdiction over plaintiff's state law claims arising from the same common nucleus of operative facts." Complaint, Jurisdictional Statement.

The operational facts are alleged to be that on December 23, 1982, plaintiff was assaulted by three officers of the Chico Police Department, and that despite his evident physical injury, he was confined in jail without the provision of the medical care he requested. The complaint also alleges that the defendants unjustifiably and without probable cause accused the plaintiff of driving while intoxicated.

Plaintiff next alleges that on March 31, 1983, he filed a claim for damages with the City of Chico pursuant to the provisions of the California Government Tort Claims Act, California Government Code §§ 905, *et seq.*, which was rejected by the City on April 20, 1983. Plaintiff concludes by alleging that "[t]he criminal charges against Mr. Johnson were pending in the municipal court and not finally disposed of until less than 6 months before the filing of this action." Complaint, para. 20.

By virtue of the facts alleged, plaintiff seeks damages under four separate causes of action. He first seeks relief under the Federal Civil Rights Act, 42 U.S.C. § 1983, and asserts pendent state claims thereto for battery, false arrest and imprisonment, and failure to summon or provide adequate medical care and treatment.

Defendants have moved to dismiss, asserting that the statute of limitations has run on plaintiff's claim.

## II

### Dismissal Standards Under Fed. R. Civ. P. 12(b)(6)

On a motion to dismiss, the allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 1081–82, 31 L.Ed.2d 263 (1972). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Interna-*

*tional Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n. 6, 83 S.Ct. 1461, 1465 n. 6, 10 L.Ed.2d 678 (1963). Thus, the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged. *Id. See also Wheeldin v. Wheeler*, 373 U.S. 647, 648, 83 S.Ct. 1441, 1443, 10 L.Ed.2d 605 (1963) (inferring fact from allegations of complaint).

In general, the complaint is construed favorably to the pleader. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). So construed, the court may not dismiss the complaint for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him or her to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)). In spite of the deference the court is bound to pay to the plaintiff's allegations, however, it is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged, or that the defendants have violated the ... laws in ways that have not been alleged." *Associated General Contractors v. California State Council*, 459 U.S. 519, 526, 103 S.Ct. 897, 902, 74 L.Ed.2d 723 (1983).

## III

### Limitations, Tolling & Pendent Jurisdiction

Where Congress has provided a statute of limitations, it governs a federal claim. In the absence of a congressionally determined limitations period, federal courts adopt and apply local statutes applied to like causes of action by the state courts. *Russell v. Todd*, 309 U.S. 280, 60 S.Ct. 527, 84 L.Ed. 754 (1940). In *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), the Supreme Court taught that the statute of limitations for a civil rights action brought under § 1983 is drawn from the general state statute of limitations governing personal injury actions.

Section 340(3) of the California Code of Civil Procedure provides for a one-year limitations period for personal injury actions, and has been held to be the relevant statute of limitations for § 1983 actions brought in California. *Usher v. City of Los Angeles*, 828 F.2d 556, 558 (9th Cir. 1987). Because the *Wilson* decision significantly reduced the limitations period held applicable under pre-*Wilson* Ninth Circuit decisions, in *Gibson v. United States*, 781 F.2d 1334 (9th Cir.1986), the circuit held that *Wilson* would not be applied retroactively to claims that had been filed prior to its effective date. The following year, the court extended *Gibson*, holding that causes of action that arose before *Wilson* was decided, but which were not filed until afterward, would not be subject to the one-year limitations period if application of this rule would effectively bar the plaintiff's claim. *Usher*, 828 F.2d at 561. The effect of these cases is that the relevant statute of limitations at its shortest would be one year, and at its longest three years. It is unnecessary to decide which period actually governs, however, since plaintiff's complaint was filed after either period had run.[1]

Plaintiff acknowledges that the events in question occurred in December of 1982, and that he filed his complaint in May of 1988. Nonetheless, he denies that the statute of limitations has run. He notes that unless state tolling provisions are inconsistent with the policies underlying the federal statute, they will apply to section 1983 actions. *Board of Regents v. Tomanio*, 446 U.S. 478, 485–86, 100 S.Ct. 1790, 1795–96, 64 L.Ed.2d 440 (1980); *Donoghue v. County of Orange*, 848 F.2d 926, 930 (9th Cir. 1987). Plaintiff characterizes California Government Code § 945.3 (hereinafter "§ 945.3") as a tolling statute, and argues that by virtue of its provisions, he filed within six months of the time permitted and thus the suit is timely.

By its terms, § 945.3 contains two separate provisions. The first portion of the statute imposes a mandatory stay on civil actions for damages against law enforcement officers pending final resolution of the related criminal proceedings. In order to preserve the right to sue during this period, the second part of the statute tolls "any applicable statute of limitations" while the administrative and criminal proceedings are pending.[2] The question that is tendered by the instant litigation is whether the tolling provision of § 945.3 is applicable to a suit brought pursuant to the provisions of 42 U.S.C. § 1983.

No Ninth Circuit case directly construes the statute,[3] and only two district court cases have been reported. In *Guzman v. Van Demark*, 651 F.Supp. 1180 (C.D. Cal. 1987), the court noted that § 945.3 tolled plaintiff's state claims, but did not discuss its effect on his concurrent federal claims, *id.* at 1189 n. 17; however, in a recent case, Judge Rea has held that the statute did not toll claims arising under section 1983. *Mangels v. City of Orange*, 678 F.Supp. 1452, 1455 (C.D.Cal.1988).

To prevail plaintiff must overcome two major arguments; first that the statute is irrelevant to claims brought under section 1983, and second, that even if the statute

---

**1.** Plaintiff's section 1983 cause of action arose in 1982, several years before *Wilson* was decided, but was filed in 1988, several years afterwards.

**2.** The statute provides, in relevant part, "[n]o person charged ... [with] a criminal offense may bring a civil action for money or damages against a peace officer or the public entity employing the peace officer based upon conduct of the peace officer relating to the offense for which the accused is charged ... while the charges against the accused are pending....

"Any applicable statute of limitations for filing and prosecuting these actions shall be tolled during the period the charges are pending." Cal.Gov't Code § 945.3.

**3.** In *Udom v. Fonseca*, 846 F.2d 1236, 1238 (9th Cir.1988), the court held that a district court abused its discretion in failing to give plaintiff an opportunity to amend a complaint to allege facts which would provide a basis for tolling under section 945.3. The court, however, explicitly refrained from addressing the substance of plaintiff's tolling claim, and instead remanded the case to the district court. *Id.* at 1239. At most, the ruling can be seen as providing the plaintiff with an opportunity to litigate, the court having expressly declined to address the merits.

were otherwise applicable, it should not be applied because its provisions are inconsistent with the purposes of the federal statute. Both arguments are not without merit. As I explain below, however, considerations pertaining to the power of federal courts to entertain pendent state claims coupled with principles of constitutional adjudication require me to find that the statute permits a plaintiff to delay filing his federal damages claim until he may file his cognate state claims.

I begin by examining the argument supporting the notion that § 945.3 is irrelevant to plaintiff's claim.

### A. The Applicable Statute of Limitations

California has two statutes of limitation which are potentially applicable to this suit. California Government Code § 945.6 (hereinafter "§ 945.6") provides that where a plaintiff sues a governmental entity, the limitations period is either six months or two years, depending on the manner in which the plaintiff's administrative claim was rejected. The California residual statute of limitations for personal injury actions, California Code of Civil Procedure § 340(3) (hereinafter "§ 340(3)"), on the other hand, provides a one-year limitations period.

It is now established that where state law provides multiple statutes of limitation for personal injury actions, courts considering § 1983 claims must borrow the general or residual statute for personal injury actions. *Owens v. Okure,* 488 U.S. ——, ——, 109 S.Ct. 573, 582, 102 L.Ed.2d 594, 606 (1989). Under *Owens,* then, it is clear that § 340(3) governs. The issue underlying the matter at bar, however, is whether the limitations period provided in that statute is tolled by virtue of the provisions of § 945.3, which circumscribes civil action brought against law enforcement personnel.

Plaintiff's argument that he is entitled to the benefit of the tolling provisions included in § 945.3 might seem to falter on the basis that the limitations period tolled by its provisions is that found at § 945.6, rather than that found at § 340(3). The reasoning underlying this conclusion appears straightforward. A damage claim against a California public entity or its employees can only be maintained under the procedures set forth in the California Tort Claims Act; thus, the limitations period referred to in § 945.3 must be that provided in § 945.6. Under this reasoning, the tolling provisions of § 945.3 do not apply since, as noted above, under *Owens* the relevant limitations period is § 340(3).

■ This argument, although serious, is predicated on the erroneous assumption that *Owens* address which state tolling provisions may be borrowed to extend the limitations period governing federal civil rights claims. Although the statute of limitations and relevant tolling provisions are closely related, there is no such thing as a "residual" tolling statute. The function of a tolling provision is to stay the running of a limitation period under particular factual circumstances.[4] The question presented here is whether § 945.3 may be construed to toll the limitations period set forth in § 340(3). As I explain in section III–D below, I conclude that it does. Before examining this issue in greater detail, however, I turn to the second major hurdle that plaintiff must overcome.

### B. The Incompatibility Argument

As I noted above, one district court in a carefully considered opinion has found the provisions of § 945.3 incompatible with the intent of Congress embodied in 42 U.S.C. § 1983. *Mangels v. City of Orange,* 678 F.Supp. 1452 (C.D.Cal.1988).

*Mangels'* rejection of the applicability of § 945.3 stands on two legs.[5] First, it notes that civil rights litigants cannot be required

---

**4.** For example, California Code of Civil Procedure section 352(a) suspends the general one-year limitation period applicable in tort actions during periods of a plaintiff's infancy, insanity, or imprisonment.

**5.** *Mangels* did not consider the problem discussed in § III A.

to exhaust state remedies, *Mangels,* at 1455, *citing Patsy v. Board of Regents,* 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982). Second, it observes that the creation of a federal forum for § 1983 claims "reflected in part the mistrust of the 1871 Congress for state fact-finding processes." *Id.* Judge Rea then reasons that staying § 1983 actions pending the outcome of the state criminal proceedings would have the impermissible effect of impeding a civil rights litigant's immediate access to a federal forum, with the potential result that collateral estoppel effect would be given the state criminal proceedings, in frustration of the explicit congressional policy expressed in the Civil Rights Act. *Id.* From these considerations, he determines that the stay provisions of the California statute cannot apply to § 1983 actions. Judge Rea further concludes that it would be improper to bifurcate the stay and tolling provisions on the ground that to do so "would permit words and phrases to be plucked from statutes as if they existed in a vacuum." *Id.*

Although I have described the *Mangels* opinion as thoughtful, I do not mean to suggest by that description that its analysis is not without its problems. Because, as I explain below, I believe matters not considered by Judge Rea compel a different conclusion, I will not tarry to consider those problems.[6]

As I have indicated above, both the argument that § 945.3 is an irrelevant tolling provision, and *Mangels'* incompatibility analysis are not without force. Nonetheless, as I now explain, acceptance of either or both arguments results in a serious suggestion that the state statute is unconstitutional when applied to causes of action brought as state claims pendent to a timely federal civil rights action. In section III–C, I explain the nature of the constitutional problem, and in section III–D,

consider the applicable standards of statutory construction when an analysis leads to such a conclusion.

## C. *State Law and Pendent Jurisdiction*

It is, of course, fundamental that the Constitution of the United States and the laws made thereunder are the supreme law of the land. U.S. Const., art. VI, cl. 2. Accordingly, "[a] basic principle of federalism is that the district courts of the United States in determining their jurisdiction must look to the sources of their power and not to acts of the state[s] which have no power to enlarge or contract federal jurisdiction." *American Sheet Metal v. Em–Kay Engineering,* 478 F.Supp. 809, 811 (E.D.Cal.1979). One potential consequence of not applying the tolling provisions of § 945.3 to the statute of limitations applicable to plaintiff's § 1983 action, however, is to deprive this court of jurisdiction over a plaintiff's pendent state claims. Because pendent jurisdiction over claims of this kind is provided to this court by Congress, the acts of a state legislature cannot effect it consistent with the Supremacy Clause. Thus a serious question as to the constitutionality of the Government Code's stay provision is presented. I turn to an explanation of the problem.

As the Supreme Court has recently taught, for a federal district court to have jurisdiction, "two things are necessary.... The Constitution must have given to the court the capacity to take it *and an act of Congress must have supplied it." Finley v. United States,* —— U.S. ——, ——, 109 S.Ct. 2003, 2005, 104 L.Ed.2d 593, 600 (1989), *quoting The Mayor v. Cooper,* 6 Wall 247, 252, 18 L.Ed. 851 (1868). The Court in *Finley* explained that under *United Mine Workers of America v. Gibbs,* 383

---

**6.** For example, despite *Mangels'* observations about exhaustion and suspicion of the state process, the Supreme Court has required abstention in civil rights actions brought to enjoin purportedly unconstitutional state criminal proceedings, *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and has held that state proceedings may have collateral estoppel effect. *Allen v. McCurry,* 449 U.S. 90, 104, 101

S.Ct. 411, 419–20, 66 L.Ed.2d 308 (1980). Nor is the bifurcation of statutes an unknown occurrence in the law. Thus, the severing of constitutional from unconstitutional provisions is compelled where to do so would not do violence to legislative intent. *See, e.g., Alaska Airlines, Inc. v. Brock,* 480 U.S. 678, 684, 107 S.Ct. 1476, 1480, 94 L.Ed.2d 661 (1987).

U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), federal courts need not undertake "specific examination of jurisdictional statutes" to determine if there is a grant of pendent claim jurisdiction; rather there is a presumption that "federal courts have 'pendent' claim jurisdiction—that is, jurisdiction over nonfederal claims between parties litigating other matters properly before the court—to the full extent permitted by the Constitution." *Finley,* —— U.S. at ——, 109 S.Ct. at 2006, 104 L.Ed.2d at 601. As the Court explained, *Gibbs* commands that relative to pendent claims, federal courts are "to assume that the full constitutional power has been congressionally authorized." *Id.* —— U.S. at ——, 109 S.Ct. at 2006, 104 L.Ed.2d at 601.[7] Put another way, unless Congress indicates otherwise, a statute granting the district courts federal question jurisdiction implicitly grants pendent claim jurisdiction. *See Aldinger v. Howard,* 427 U.S. 1, 18, 96 S.Ct. 2413, 2007, 49 L.Ed.2d 276 (1976) (pendent jurisdiction to be assumed unless Congress expressly or by implication negates its existence).

Applying the teaching of *Finley* and *Gibbs* to the instant matter, I must conclude that when Congress granted this court jurisdiction "[t]o redress the deprivation, under color of any state law ... of any right or privilege or immunity secured by the Constitution of the United States or by any Act of Congress," 28 U.S.C. § 1343(a)(3), it also granted pendent jurisdiction to this court to hear cognate claims arising under state law. The consequence of applying the stay provisions of § 945.3 to plaintiff's state claims, but not applying its tolling provisions to his federal claims, however, is a deprivation of this court's power to hear plaintiff's state claims. As noted above, the statute of limitations which applies to § 1983 actions arising in California is one year. *Garcia, supra.* Under § 945.3, the plaintiff may not bring

suit on his cognate state claims while his criminal proceeding is pending. *Guzman v. Van Demark, supra.* Accordingly, in any case in which the criminal action has not been resolved in one year, plaintiff must commence his action predicated upon federal law, but by virtue of the state statute, he is precluded from joining with it a claim arising under state law. As *Mangels, Udom, Guzman,* and this case demonstrate, this is hardly a rare occurrence. This construction of the state statute results in the court being deprived of the power to exercise the grant of pendent claim jurisdiction recognized as existing since *Gibbs.* Such a consequence, in turn, suggests that the statute cannot be applied to plaintiff's state claims when brought as pendent to his federal action. Put another way, such a construction suggests that the statute is unconstitutional when so applied.[8] As I now explain, however, canons of construction applicable to situations such as that at bar requires a different result.

### D. *Construing Statutes to Avoid Constitutional Questions*

It is fundamental that "[a] statute, of course, is to be construed, if such a construction is fairly possible, to avoid raising doubts of its constitutionality." *St. Martin Lutheran Church v. South Dakota,* 451 U.S. 772, 780, 101 S.Ct. 2142, 2147, 68 L.Ed.2d 612 (1981). While courts "cannot press statutory construction 'to the point of disingenuous evasion' even to avoid a constitutional question," *Public Citizen v. U.S. Dept. of Justice,* —— U.S. ——, 109 S.Ct. 2558, 2573, 105 L.Ed.2d 377 (1989), it remains "a cardinal principle that ... Court[s] will first ascertain whether a construction of the statute is fairly possible by which the (constitutional) question may be avoided." *Lorillard v. Pons,* 434 U.S. 575,

---

**7.** The *Finley* Court does not suggest that *Gibbs* was erroneously decided. Quite to the contrary, it emphasized that it has no "intent to limit or impair" *Gibbs.* *Finley* —— U.S. at ——, 109 S.Ct. at 2010, 104 L.Ed.2d at 606.

**8.** It goes without saying that in exercising pendent claim jurisdiction a federal court is bound by the state substantive law including its stat-

utes defining the cause of action. This is not a case, however, in which by virtue of an act of the state legislature the cause of action has been modified. On the contrary, the substantive law regarding, *e.g.,* false arrest and battery, remains the same, and only the right to file the action is delayed.

577, 98 S.Ct. 866, 868, 55 L.Ed.2d 40 (1978). Thus, before I may declare § 945.3 unconstitutional as applied to state claims brought pendent to § 1983 actions, I must determine whether a fair construction of the statute exists which would avoid the constitutional issue.

■ By its terms, the stay provisions set forth in § 945.3 applies generally to civil actions for money damages "based on conduct of the peace officer relating to the offense for which the accused is charged." Because a state legislature may not, consistent with the Supremacy Clause, restrict the jurisdiction of this court to hear a claim predicated on federal law, it is clear that the stay provision may not apply to plaintiff's federal civil rights claim. *Patsy v. Board of Regents*, 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982). Thus, in order to avoid a finding that the statute is unconstitutional, it must be construed to exclude claims predicated on federal law from the stay provision. For the same reason, to the extent the stay provision would prevent a federal court from exercising its pendent jurisdiction over cognate state law claims, a serious constitutional problem is presented. No narrowing construction of the stay provision itself is available to save the statute from a finding of unconstitutionality as applied to pendent state claims. The language of the statute's tolling provision, however, is susceptible of a construction that avoids the constitutional issue.

The second part of the statute, by its terms, applies to toll *"any applicable statute of limitations* for filing and prosecuting *these actions."* California Government Code § 945.3. The "actions" referred to in the statute are actions for money or damages against peace officers arising out of circumstances in which the plaintiff has been charged with a criminal offense. While it is true that civil actions for damages predicated on state law are governed by the statute of limitation provisions of § 945.6, a remedy for the conduct covered by the statute also lies under § 1983 to the Federal Civil Rights Act of 1964, which is governed by California's one-year limitations period. The statute's broad reference to "any applicable statute of limitations" on its face would thus appear to encompass both § 945.6 and § 340(3).

■ The result of this construction seems plain. The stay provision applies to state law claims governed by the California Government Tort Claims Act, while the tolling provision applies to any claims for damages against law enforcement officers whether arising under either state or federal law, or both, to the extent that such claims arise out of the same transaction.[9] Thus, under the factual circumstances described by the statute, a federal civil rights plaintiff may either (a) elect to delay bringing his federal action pending resolution of state criminal proceedings should he wish to file his pendent state claims jointly with federal claims arising out of the same operative nucleus of facts in a single proceeding; or (b) bring his § 1983 claim in federal court within the one-year period proscribed by § 340(3) without joining the pendent state claims.

Application of the tolling provision to the full range of claims described by the statutory language thus enables a plaintiff with both federal and state claims arising out of the same nucleus of operative facts to bring those claims which, under *Gibbs*, comprise a single constitutional case, in a single forum. At the same time, the policy of ensuring full and immediate access to the federal courts to redress federal civil rights violations, central to the *Mangels* holding, is preserved.

IV

Conclusion

Under the circumstances of this case, plaintiff had a right to bring his federal

---

**9.** It is true that § 1983 also authorizes injunctive relief, and that under the analysis set forth in the text, § 945.3's tolling provision, by its terms, cannot be construed to apply in that situation. I need not address the constitutionality of the statute where a federal claim for injunctive relief is present, since no such claim is before me. I suspect, however, that by virtue of the Supreme Court's ruling in *Younger, supra* at n. 4, no such case would ever arise.

civil rights action within one year, or await the opportunity to join it with his state claims by bringing it within six months of the disposition of the criminal proceedings pending in state court [10]. According to the complaint, he timely chose the latter course. Because he was entitled to do so, the defendants' motion to dismiss is DENIED.

## V

### Interlocutory Appeal

Congress has determined that under certain restricted circumstances a district judge may certify "an order not otherwise appealable" to the court of appeals for its discretionary review. To qualify for such certification, the order must involve a controlling question of law as to which there is a substantial ground for a difference of opinion, and an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). It appears to this court that my decision in this case qualifies for interlocutory consideration. While it may be that not every disagreement between district judges qualifies for interlocutory appeal, I have noted above that I regard *Mangels* as a thoughtful attempt to resolve a very difficult issue, and that I regard the question as a close one. Certainly under such circumstances, it cannot be doubted that there are substantial grounds for a difference of opinion. Moreover, given the fact that if the tolling provisions of § 945.3 do not apply, plaintiff's action must be dismissed, it seems clear that an adverse appellate decision would advance termination of the litigation. Under the circumstances, interlocutory appeal appears appropriate.

For all of the above reasons, IT IS HEREBY ORDERED:

1. Defendants' motion to dismiss is DENIED;

2. This order is certified for interlocutory appeal pursuant to the provisions of 28 U.S.C. § 1292(b).

IT IS SO ORDERED.

---

10. Although applying the tolling provisions to the limitations period in § 340(3) requires that plaintiff bring his action within one year of the conclusion of the criminal proceeding, where a plaintiff wishes to join to that action pendent state claims, he must file within six months of the conclusion of those proceedings by virtue of § 945.6.