Michael HACKENBURG, Plaintiff,

v.

Charles K. ZUKOWSKI, et al.,
Defendants.

No. 4:CV-89-929.

United States District Court,
M.D. Pennsylvania.

Jan. 7, 1991.

Jeffrey J. Crossland, Lewisburg, Pa., for plaintiff.

Joseph S. Sabadish, Deputy Atty. Gen., Harrisburg, Pa., for defendants.

### ORDER

MUIR, District Judge.

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This case arises from the arrest of the Plaintiff Michael Hackenburg by the Pennsylvania State Police for driving under the influence of alcohol, reckless driving, and driving while operating privileges are suspended pursuant to the Pennsylvania Vehicle Code, Title 75, Pennsylvania Consolidated Statutes, §§ 3731, 3714 and 1543(a) respectively. Defendants are State Police Troopers Charles K. Zukowski assigned to the Stonington Barracks and Stephen Krehel, assigned to the Hazleton Barracks.

On June 19, 1989, Hackenburg filed a complaint pursuant to 42 U.S.C. § 1983, alleging violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution. On October 1, 1990, Defendants filed a motion for summary judgment and a statement of undisputed material fact pursuant to Local Rule 401.4. After requesting an enlargement of time, Defendants filed a brief on November 15, 1990. On December 13, 1990, Hackenburg filed a brief in opposition. Hackenburg failed to file a separate short and concise statement of material facts responding to the numbered paragraphs set forth in the statement filed by the Defendants. The Defendants were entitled to file a reply brief on or before December 28, 1990, but elected not to file one. This matter is therefore ripe for a decision.

Defendants make three arguments in support of their motion for summary judgment. First, Defendants argue that Hackenburg's action should be dismissed because it is barred by the applicable statute of limitations. Second, Defendants argue that summary judgment should be entered in their favor on all claims because there was probable cause for Hackenburg's arrest. Third, Defendants argue that they are entitled to summary judgment on all claims by virtue of the doctrine of qualified immunity.

Summary judgment is appropriate only when there is no genuine issue of material fact which is unresolved and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). Summary judgment is an extreme remedy and should not be granted when there is a disagreement about the facts or the proper inferences which a factfinder could draw from them. *Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 84 (3d Cir.1982).

"When a motion for summary judgment is made and supported as provided in ... [Rule 56], an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading...." Fed.R. Civ.P. 56(e). The adverse party must show by affidavits, pleadings, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue for trial. *Id.* Because summary judgment is a severe remedy, the Court should resolve any doubt about the existence of genuine issues of fact against the moving party. *Ness v. Marshall,* 660 F.2d 517, 519 (3d Cir.1981).

The United States Supreme Court has stated that in motions for summary judgment a material fact is one which might affect the outcome of the suit under relevant substantive law. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The Supreme Court also stated in *Anderson* that a dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* at 248, 106 S.Ct. at 2510. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Company, Ltd. v. Zenith Radio Corporation,* 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

Initially, the moving party has a burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corporation v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). This may be met by the moving party pointing out to the court that there is an absence of evidence to support an essential element as to which the non-moving party will bear the burden of proof at trial. *Id.* at 325, 106 S.Ct. at 2553. The non-moving party then must make a sufficient showing as to the essential elements of his or her case that a reasonable jury could find in his or her favor. *Id.* at 322–23, 106 S.Ct. at 2552–53.

The burden of proof required to defeat a summary judgment motion is guided by the burden of proof which a reasonable jury would be instructed to consider. *Anderson,* 477 U.S. at 242, 106 S.Ct. at 2505. The Court in Anderson stated:

The mere existence of a scintilla of evidence in support of the Plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict—'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed.'

*Id.* at 252, 106 S.Ct. at 2512.

In light of these principles, we will now address the Defendants' motion.

Hackenburg does not dispute that the applicable statute of limitations in this case is two years. He also does not dispute that his civil cause of action which is based on allegations that his rights under the Fourth and Fourteenth Amendments were violated accrued on March 20, 1987 when he was arrested. Instead, he contends that the statute of limitations was tolled while state criminal proceedings were pending.

It is undisputed that (1) Hackenburg was arrested on March 20, 1987, (2) on July 14, 1987, his attorney, who was defending him against the charges, filed a motion to suppress the evidence obtained against him by Defendants Zukowski and Krehel in the course of the stop and arrest, (3) a suppression hearing was held at which Hackenburg as well as Defendants testified about the events and circumstances surrounding the stop and arrest, (4) by order dated August 26, 1987, Judge James Rossini of the Northumberland County Court of Common Pleas granted Hackenburg's motion to suppress, (5) on September 9, 1987, Assistant District Attorney David Noon filed a notice of appeal to the Pennsylvania Superior Court challenging Judge Rossini's decision granting the motion to suppress, (6) on November 4, 1987, Judge Rossini filed a memorandum opinion in support of his prior order of August 26, 1987, granting the motion to suppress, (7) on May 26, 1988, the Pennsylvania Superior Court affirmed

Judge Rossini's decision granting the motion to suppress, (8) subsequently, on July 11, 1989, Assistant District Attorney John P. Muncer filed in the Northumberland County Court of Common Pleas a request to nolle prosequi the charges of driving under the influence, reckless driving, and driving while operating privileges are suspended or revoked and (9) that same date President Judge Samuel J. Ranck of the Court of Common Pleas of Northumberland County granted the District Attorney's request to nolle prosequi the charges.

Hackenburg claims that the two-year statute of limitations was tolled until at least May 26, 1988, when the Pennsylvania Superior Court affirmed Judge Rossini's decision granting the motion to suppress. Hackenburg argues that the doctrine of equitable tolling of a statute of limitations is read into every federal statute of limitations including state statutes adopted by federal law. Furthermore, Hackenburg indicates that whether a particular limitations period such as the two-year statute of limitations applicable to this action should be tolled lies within the discretion of the Court. We decline to apply the doctrine of equitable tolling in this case and conclude that Hackenburg's action is barred by the two-year statute of limitations. *Cf. Torres v. Superintendent of Police of Puerto Rico*, 893 F.2d 404 (1st Cir.1990) (One-year statute of limitations on dismissed Puerto Rican police officers' federal civil rights claims would not be equitably tolled on the basis that officers did not know of their injury until criminal charges filed against them were dismissed at probable cause hearing).

We have been unable to discover any federal court which has indicated that the doctrine of equitable tolling applies under the circumstances presented by this case. The cases relied upon by Hackenburg deal with the staying of proceedings by a federal court once an action has been filed in federal court when there is a state proceeding pending. These cases are not dispositive of the issue before the Court. We are of the view that the doctrine of equitable tolling only applies where there is a continuing harm or where the Defendant's ac-

tions amounted "to an affirmative inducement to Plaintiff to delay bringing the action." *Ciccarelli v. Carey Canadian Mines, Ltd.*, 757 F.2d 548, 556 (3d Cir. 1985). Especially in view of the fact that Hackenburg was released on recognizance on April 8, 1987, we cannot conclude that there was a continuing harm that would toll the statute of limitations. Hackenburg is presently incarcerated on other charges unrelated to the present case. Furthermore, there is no evidence that the Defendants encouraged or somehow "induced" Hackenburg to delay bringing this action.

Because we conclude that Plaintiff's cause of action is barred by the two-year statute of limitations, it is unnecessary to address the Defendants' other arguments relating to the lack of probable cause and qualified immunity.

NOW, THEREFORE, IT IS ORDERED THAT:

1. The summary judgment motion filed on October 1, 1990, by the Defendants is granted.

2. The Clerk of Court is directed to close this file.