**Carole Ann SPEICHER, Plaintiff,**

v.

**DALKON SHIELD CLAIMANTS TRUST, Defendant.**

No. 96–CV–1129.

United States District Court, E.D. Pennsylvania.

Nov. 6, 1996.

Carol Nelson Shepherd, Daniel J. Mann, Feldman, Shepherd & Wohlgelernter, Philadelphia, PA, for Plaintiff.

Elizabeth C. Honeywell, Venable, Baetjer and Howard, L.L.P., Baltimore, MD, Albert L. Piccerilli, Manta and Welge, Philadelphia, PA, for Defendant.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

## INTRODUCTION

In this diversity action, plaintiff Carole Ann Speicher is suing Dalkon Shield Claimants Trust [1] ("Dalkon Shield") for reproductive problems she claims were caused when she used an Intrauterine Device ("IUD") in the 1970s. Plaintiff has asserted a claim for negligence, failure to warn, strict liability, breach of warranty and fraudulent concealment.

Defendants have filed a summary judgment motion pursuant to Fed.R.Civ.P. 56(c), alleging that plaintiff is barred from asserting a claim because Pennsylvania's statute of limitations has passed. This memorandum resolves defendant's motion.

## BACKGROUND

In 1970, Ms. Speicher began using a Dalkon Shield IUD device. In 1974, while still using the Dalkon Shield IUD, plaintiff was told by her gynecologist, after experiencing abdominal pain, that she had an infection. Nevertheless, Ms. Speicher apparently continued to use the IUD until November 1975.

In 1976, while pregnant, plaintiff underwent surgery for an ectopic pregnancy. She was allegedly told that there was damage to her reproductive organs and that it was caused by a previous infection. A medical entry in her file stated that she may have had a pelvic inflammatory disease because of her use of the IUD. Nevertheless, it was not until the birth of a child in 1980, and another ectopic pregnancy in 1985, that Ms. Speicher began to think that her medical problems could have been caused by her prior use of the IUD.

When questioned about the details of her hospital visits and the circumstances in the early 1970's surrounding her medical problems, Ms. Speicher is unable to recall the facts with complete accuracy. For example, Ms. Speicher is unable to remember if she had any cramping or bleeding before she began using the Dalkon Shield IUD and while she was using another IUD, she does not remember how long she waited before going to a doctor after experiencing pain, nor does she remember whether her doctor prescribed medication after the 1974 incident. Furthermore, there is an absence of medical

1. Dalkon Shield Claimants Trust was established under A.H. Robins' plan of reorganization in July 26, 1988. A.H. Robins, Inc. was the manufacturer of the Dalkon Shield device.

records to aid in determining the details of the events occurring at those times.

Defendants claim that Ms. Speicher is barred by the statute of limitations and that the discovery rule does not apply because plaintiff could have known earlier that the Dalkon Shield IUD caused her injury; she could have asked her doctors the cause of her infection, and she could have read popular magazines which had documented the risk of disease from using IUDs, including the Dalkon Shield. Plaintiff claims that she asked her doctor about her infection but was never told that the Dalkon Shield IUD could have caused it.

## DISCUSSION

This Court is authorized to grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Thus, the Court's task is not to resolve disputed issues of fact, but to determine whether there exist any material factual issues to be tried. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). The summary judgment standard requires the moving party to show that the facts are so one-sided that it should prevail as a matter of law. *Id.* at 252, 106 S.Ct. at 2512. Nevertheless the non-moving party must raise more than a scintilla of evidence in order to overcome a summary judgment motion. *Williams v. Borough of West Chester*, 891 F.2d 458, 460 (3d Cir.1989).

■ Pennsylvania's statute of limitations for personal injury is two years. 42 Pa. Cons.Stat.Ann. § 5524(2). Nevertheless, Pennsylvania courts have frequently invoked the discovery rule. *See e.g. Cochran v. G.A.F.*, 542 Pa. 210, 666 A.2d 245 (1995); *Stauffer v. Ebersole*, 385 Pa.Super. 306, 560 A.2d 816 (1989). This rule tolls the statute of limitations until plaintiff could have reasonably discovered her injury and its cause. If the plaintiff is successful in invoking the discovery rule, the cause of action accrues when plaintiff is aware of or should have been aware of her injury and its cause, but the

plaintiff has the burden of showing that she is entitled to the benefit of the rule. *Van Buskirk v. Carey Canadian Mines*, 760 F.2d 481, 487 (3d. Cir.1985); *Owens v. Lac D'Amiante Du Quebec, Ltee.*, 656 F.Supp. 981, 982 (E.D.Pa.1987).

■ In order to obtain the benefit of the rule, the plaintiff must show that she exercised diligence to ascertain the existence or cause of her injury but could not discover those facts in spite of her diligence. *Stauffer*, 560 A.2d at 817.

■ Courts have developed two tests to determine if the plaintiff has exercised reasonable diligence. The first test is a three part test. It looks at the point when the plaintiff had knowledge of (a) the injury, (b) its cause and (c) the relationship between the injury and the conduct of another. *Volpe v. Johns–Manville Corp.*, 323 Pa.Super. 130, 470 A.2d 164, 170 (1983); *O'Brien v. Eli Lilly*, 668 F.2d 704, 709 (3d. Cir.1981). At that point, the statute of limitations starts to run. *Holder v. Eli Lilly*, 708 F.Supp. 672, 673 (E.D.Pa.1989).

■ The second test is a two part test and it looks at the point when the plaintiff is aware that (a) she has been injured and (b) the injury was caused by another's conduct. *Cathcart v. Keene Industrial Insulation*, 324 Pa.Super. 123, 471 A.2d 493, 500 (1984); *MacCain v. Montgomery Hospital*, 396 Pa.Super. 415, 578 A.2d 970, 972 (1990). Usually the question of plaintiffs' reasonable diligence is a jury question but if it is clear that the plaintiff failed to exercise reasonable diligence, the court can grant summary judgment. *MacCain*, 578 A.2d at 974.

■ Under both the two part and three part tests delineated above, it is not clear at what point the statute of limitations should begin to run against Plaintiff Speicher. She knew that the cause of her medical problems was an infection but she did not know that this infection was caused by the Dalkon Shield IUD. Not knowing that the infection was caused by the Dalkon Shield IUD, she cannot be said to have known that the injury was caused by the conduct of another, namely the manufacturer of the Dalkon Shield

IUD. Under both these tests then, the statute of limitations would not begin to run against Ms. Speicher in the 1970s.[2]

Defendant argues that plaintiff could easily have asked Dr. Malik in 1976 to tell her the cause of her infection. Had she done so, defendant states, she would have been told it was caused by the Dalkon Shield IUD. Yet in his deposition Dr. Malik does not actually state that he would have told plaintiff that it was the Dalkon Shield IUD that caused her injury, rather he says that he would have told her that it could be caused by any one of three things, including the Dalkon Shield IUD, and that he had no opinion at that time as to what caused the infection.[3]

Whether Dr. Malik would have told plaintiff that the Dalkon Shield IUD was a possible cause of her infection is an issue of credibility for the jury to decide. It is plausible to infer that plaintiff could not have discovered the cause of her infection since her doctors apparently were not sure what was causing it, that her visits to at least three doctors in the 1970s was the reasonable exercise of diligence, and that if Dr. Malik, or any of the other doctors for that matter, were really sure that the Dalkon Shield IUD was the cause of her infection, they would have advised her to have it removed.

■■■ Dalkon Shield also claims that plaintiff's breach of warranty claim is time barred since the statute of limitations runs from the date of delivery of the product, and the breach of warranty claim is not subject to the discovery rule. Plaintiff argues that the doctrine of estoppel bars defendant from raising this defense. This doctrine of estoppel, plaintiff claims, bars the assertion of the statute of limitations as a defense if the defendant was guilty of fraudulent conduct.

As evidence of defendant's fraud, plaintiff has attached to her response to the summary judgment motion, a chapter of a book that chronicles the history of the Dalkon Shield IUD and the A.H. Robins Company. This book alleges that some of the executives of the A.H. Robins Company hid information from the public that would show that the Dalkon Shield IUD could cause infections.

■■■ It is well-settled that breach of warranty claims are not subject to the discovery rule. *See e.g. Northampton County Area Community College v. Dow Chemical U.S.A.*, 389 Pa.Super. 11, 566 A.2d 591, 599 (1989); *City of Philadelphia v. Lead Industries Assoc. Inc.*, 994 F.2d 112, 122 n. 7 (3d. Cir.1993). Nevertheless, defendants may be estopped from asserting the statute of limitations as a defense if the defendant is guilty of fraudulent conduct that would cause plaintiff to deviate from her inquiry. *Connaught Laboratories Inc. v. Lewis*, 124 Pa.Cmwlth. 568, 557 A.2d 40, 43 (1989). Plaintiff must show that defendant committed an act upon which plaintiff relied. *Northampton County*, 566 A.2d at 600. Furthermore, plaintiff must prove this by "clear, precise and convincing evidence." *Molineux v. Reed*, 516 Pa. 398, 532 A.2d 792, 794 (1987). Mere failure to warn is insufficient. *Gravinese v. Johns–Manville Corp.*, 324 Pa.Super. 432, 471 A.2d 1233, 1238 (1984). Furthermore, allegations of a manufacturer's conspiracy are not sufficient to support a claim of fraud that would cause plaintiff to deviate from her duty to inquire. *Ciccarelli v. Carey Canadian Mines, Ltd.*, 757 F.2d 548, 556–557 (3d. Cir. 1985). The acts must be an affirmative inducement to plaintiff to delay filing the cause of action. *See e.g. Hackenburg v. Zukowski*, 754 F.Supp. 409, 411 (M.D.Pa.1991).

**2.** Plaintiff did not become aware of the Dalkon Shield as a possible source of her infection until 1985 or 1986. Even though plaintiff did not file her complaint until 1996, defendants admit that plaintiff tried to go through the A.H. Robins claims process which was set up in light of A.H. Robins' pending bankruptcy proceedings. Plaintiff was ultimately certified to proceed with litigation at some point but the parties have chosen not to present information to the court concerning when that certification occurred, apparently not considering it an issue in this case. We therefore do not consider the issue of whether plaintiff waited too long after 1986, when she was aware that the Dalkon Shield may have caused her infection, to file her complaint.

**3.** Specifically Dr. Malik stated that he was unsure whether the infection was caused by the Dalkon Shield IUD, an appendectomy, or a recurrence of a previous infection. He claims that he would have told plaintiff that her infection could have been caused by any one of those three things but he had no opinion as to which of the three was actually the cause.

Plaintiff has not alleged facts which would enable us to conclude that there was any specific conduct directed towards her by defendant that would cause her to deviate from her right of inquiry. As the court in *Ciccarelli* stated, "whatever the morality of defendants' actions [with regard to asbestos and concealing its risks], the defendants are not estopped from asserting a statute of limitations defense because they did not call to plaintiffs' attention those facts which might have aided their investigation." *Ciccarelli,* 757 F.2d at 557. Accordingly, we dismiss plaintiff's breach of warranty claim.

▆ Plaintiff has also alleged a claim of fraudulent concealment. In order to have this claim submitted to the jury, plaintiff must show that defendant engaged in conduct that would cause her to deviate from her inquiry.[4] *In re TMI,* 89 F.3d 1106, 1117 (3d. Cir.1996). As we held above, plaintiff has not done so. Therefore, we dismiss plaintiff's fraudulent concealment claim as well.

## CONCLUSION

In light of the foregoing, the defendant's motion for summary judgment is denied. There are sufficient factual issues concerning plaintiff's exercise of diligence that should go to the jury. Nevertheless, plaintiff's breach of warranty and fraudulent concealment claims are dismissed.

An appropriate Order follows.

### ORDER

AND NOW, this 6th day of November, 1996, upon consideration of Defendant's Motion for Summary Judgment, said motion is DENIED.

[4]. We have found only one case in which a plaintiff who claimed fraudulent concealment on the part of manufacturers was allowed to submit the issue to the jury. The manufacturers wrote the plaintiff and advised her that there was nothing in their drug that would cause her to have a child with birth defects, even though they allegedly knew otherwise. *See Urland v. Merrell–Dow Pharmaceuticals,* 822 F.2d 1268, 1270 (3d. Cir. 1987). Writing the letter to the plaintiff was the alleged act of fraudulent concealment that the jury was allowed to consider.

FURTHER, Plaintiff's Breach of Warranty and Fraudulent Concealment claims are dismissed.

We note that the manufacturer's conduct in that case was specifically directed to that plaintiff; it was not a general allegation of fraudulent conduct committed to the detriment of the public at large. In this case, Plaintiff Speicher has not claimed that Dalkon Shield's alleged fraudulent concealment was specifically directed to her such that it would cause her to deviate from her inquiry; instead she has merely made general allegations of fraudulent conduct committed to the detriment of the public at large.