[No. C025611. Third Dist. June 22, 1998.]

MICHAEL D. BUNNELL, Plaintiff and Appellant, v.
DEPARTMENT OF CORRECTIONS, Defendant and Respondent.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication
with the exception of part I of the Discussion.

**COUNSEL**

James E. McGlamery for Plaintiff and Appellant.

Schachter, Kristoff, Orenstein & Berkowitz, John D. Adkisson, Gail Cecchettini Whaley and Paul D. Warenski for Defendant and Respondent.

## OPINION

SIMS, J.—In this civil action seeking damages for allegedly unlawful wiretapping under federal and state statutes (18 U.S.C. § 2510 et seq.; Pen. Code, § 630 et seq.), plaintiff Michael D. Bunnell appeals from summary judgment entered in favor of defendant California Department of Corrections (CDC). Plaintiff contends the trial court incorrectly concluded that CDC, as a state governmental entity, was not subject to liability under the federal or state statutes. We shall conclude we need not address this issue, because plaintiff's complaint is barred by the applicable federal and state statutes of limitations, which CDC presented as an alternate ground for summary judgment. In the unpublished portion of this opinion, we shall discuss why the statute of limitations bars plaintiff's state law claim; in the published portion, we shall explain why plaintiff's federal claim is also barred by the statute of limitations. We shall therefore affirm the judgment.[1]

### FACTUAL AND PROCEDURAL BACKGROUND

In 1991 plaintiff was employed by CDC as chief deputy warden at Deuel Vocational Institution (DVI). In April 1991, another CDC employee, Correctional Officer Wayne Green (who is not a party to this lawsuit), was investigating criminal activity in the prison in his capacity as a member of DVI's security squad. Green placed a wiretap on a captain's clerk's telephone within a DVI office. The parties dispute whether Green's supervisor knew of Green's action when it occurred. The monitoring device remained attached to the telephone until March 1992 and recorded telephone conversations, including those of plaintiff.

On April 8, 1992, Department of Justice Special Agent Albert Fox interviewed plaintiff and played for him tape recordings made from the wiretap on the captain's clerk's telephone.

---

[1] Plaintiff filed in this court a request for judicial notice of a criminal complaint filed against him in municipal court, which he seeks to use in the present civil case to extend the tolling of the statute of limitations. CDC opposes the request. As we discuss, *post*, we deny plaintiff's request for judicial notice.

CDC filed in this court a request for judicial notice of (1) a trial court order in another case, upholding a State Personnel Board determination that CDC must reinstate plaintiff as a CDC employee because the evidence of his misconduct was illegally obtained, and (2) points and authorities filed by plaintiff in another lawsuit concerning the same subject matter as the instant lawsuit, but which plaintiff voluntarily dismissed without prejudice. We find it unnecessary to consider these documents and therefore deny CDC's request for judicial notice.

Based on information derived from the wiretap, CDC sought to terminate plaintiff's employment for misconduct.

In March 18, 1993, a criminal information against plaintiff was filed, based on information derived from the wiretap, alleging (1) misappropriation of public moneys to the use of a prison inmate for cosmetic dentistry, (2) removal of public documents from an inmate's file before a Parole Board hearing, and (3) conspiracy to violate the liberty of others arising from administrative segregation of three inmates following a fight between other inmates. In the criminal proceeding, Bunnell filed a motion to suppress evidence obtained through the wiretap, on the grounds that the interception of telephone communications violated the federal wiretapping statutes (18 U.S.C. § 2510 et seq.) and the California wiretapping statutes (Pen. Code, § 631 et seq.). The trial court denied the suppression motion, and Bunnell sought review in this court by filing a petition for writ of mandate.

On December 15, 1993, while his writ petition was pending in this court, Bunnell filed a civil lawsuit against CDC and others seeking damages for an unlawful wiretap under federal and state wiretap statutes. (That lawsuit was later dismissed by plaintiff.)

In January 1994, upon our review of the trial court's denial of the suppression motion in the criminal case, this court issued a writ of mandate, holding suppression of the evidence obtained by the wiretap was compelled by the federal wiretapping statutes, since the trial court erred in determining that the wiretap was permissible as falling within the exemption under the federal statute for conduct within the ordinary course of law enforcement duties (18 U.S.C. § 2510(5)(a)(ii)). (*Bunnell* v. *Superior Court* (1994) 21 Cal.App.4th 1811 [26 Cal.Rptr.2d 819].) The exemption was inapplicable because the wiretap had not been in the ordinary course of the officer's duties. (*Id.* at p. 1823.) Since we concluded that exclusion was compelled by federal law, and since California law could not be less protective than the federal act, we found it unnecessary to decide the issue of the California wiretap statutes. (*Id.* at p. 1825.) We remanded to the trial court to determine whether evidence other than the intercepted communications should be suppressed as having derived from the unlawful interception. (*Ibid.*)

In August 1994, in the prior civil lawsuit, CDC moved for summary adjudication of claims *other than the federal wiretap claim under 18 United States Code section 2510*, on statute of limitations grounds. The trial court

denied the motion, concluding Government Code section 945.3[2] operated to toll the statute of limitations while the criminal case was pending.[3]

In November 1994, plaintiff voluntarily dismissed the prior civil suit.

On February 27, 1995, the criminal case was dismissed.

On April 20, 1995, plaintiff filed the civil lawsuit which is the subject of this appeal. The first amended complaint, which is the operative pleading, sought damages against CDC (and the Department of Justice, which is not a party to this appeal) for (1) violation of the Omnibus Crime Control and Safe Streets Act of 1968 (18 U.S.C. § 2510 et seq.), and (2) violation of California's Invasion of Privacy Act (Pen. Code, § 630 et seq.). The pleading alleged CDC "authorized and participated in the wire tap" and violated state and federal law "by the placement of the previously-described wiretap on the telephone within D.V.I. and by listening to plaintiff's conversations on that telephone."

In September 1996, CDC filed a motion for summary judgment or summary adjudication on the grounds that: (1) the statute of limitations barred the complaint; (2) state public entities are not liable for violations of the federal or state wiretap laws; (3) plaintiff consented to the wiretap because he was deemed to be aware of prison regulations which allowed monitoring of the phone; (4) CDC had absolute immunity from liability for disclosure of wiretap information in judicial and administrative proceedings; and (5) CDC had no vicarious liability because Green had qualified immunity in that the illegality of the wiretap was not clearly established at the time Green acted.

With respect to the statute of limitations matter, CDC argued the action was barred by the one-year limitations period for the state claim (Code Civ. Proc., § 340), and the two-year limitations period for the federal claim (18 U.S.C. § 2520(e)). CDC asserted as undisputed fact that (1) the wiretap was disclosed to plaintiff on April 8, 1992, when the Department of Justice agent

---

[2]Government Code section 945.3 provides in part: "No person charged by indictment, information, complaint, or other accusatory pleading charging a criminal offense may bring a civil action for money or damages against a peace officer or the public entity employing a peace officer based upon conduct of the peace officer relating to the offense for which the accused is charged, including an act or omission in investigating or reporting the offense . . . , while the charges against the accused are pending before a justice, municipal, or superior court. [¶] Any applicable statute of limitations for filing and prosecuting these actions shall be tolled during the period that the charges are pending before a justice, municipal, or superior court [excluding periods for appeal or diversion]."

[3]The parties fail to provide proper citation to evidence, as opposed to argument, in the record to support factual assertions concerning the prior civil suit, but it appears these facts are undisputed.

interviewed him and played some of the tapes for plaintiff; and (2) plaintiff filed the complaint on April 20, 1995. CDC did not mention Government Code section 945.3's tolling pending criminal proceedings.

Plaintiff opposed the summary judgment motion. With respect to the statute of limitations defense, plaintiff argued the trial court was bound by the ruling in the prior civil lawsuit (which plaintiff voluntarily dismissed) that the limitations period was tolled pending the criminal proceedings, pursuant to Government Code section 945.3. Plaintiff presented no facts as to when the criminal proceedings began or ended. Thus, plaintiff responded to the limitations points in CDC's separate statement of undisputed facts by stating "the statute of limitations defense was previously briefed, argued and submitted to Judge Earl Warren in the form of a Motion for Summary Judgment by C.D.C. This motion was denied. Judge Warren ruled that the statute of limitations for filing the civil action was tolled during the pendency of the criminal action. As a result, defendants' claim in Issue No. 1 is lacking in merit." Plaintiff's memorandum of points and authorities in opposition to summary judgment asserted the trial court in the prior lawsuit applied Government Code section 945.3 to toll the statute of limitations. Plaintiff argued to the trial court that CDC's statute of limitations argument was nothing more than a very belated motion for reconsideration.[4]

CDC replied: "This is a new action because plaintiff dismissed the previous lawsuit. . . . Defendant did not previously seek a ruling on a statute of limitations defense to Plaintiff's federal statutory wire tap cause of action because Plaintiff's first lawsuit was filed within two years of his being on notice of the interception of his communications. However, this second lawsuit was filed nearly three years after Plaintiff was on notice of this cause of action and the state tolling provisions of Government Code section 945.3 have no effect upon the federal statutory two-year limitations period." CDC submitted copies of court documents showing criminal charges against plaintiff were filed on March 18, 1993, and were dismissed on February 27, 1995. CDC demonstrated that, even with tolling during pendency of the criminal proceedings, plaintiff's state law claim was filed 29 days after the 1-year limitations period had run. CDC argued that, pursuant to the supremacy clause of the United States Constitution, Government Code section 945.3 did not apply to the federal claim, because the federal wiretap law carried its own limitations period.

On November 8, 1996, the trial court issued an order granting CDC's motion for summary judgment. The court did not rule on the statute of

---

[4] As noted in CDC's reply brief, the ruling in the prior lawsuit, which plaintiff dismissed, was not binding, and the current summary judgment motion was not a motion for reconsideration. We have no further need to discuss plaintiff's meritless position, because he does not press it on appeal.

limitations issue but instead determined CDC, as a state governmental entity, was not directly liable for violations under the federal or state wiretap laws.

Plaintiff appeals from the ensuing judgment.

DISCUSSION

I. *State Claim**

. . . . . . . . . . . . . . . . . . . . . . . . .

II. *Federal Claim*

Plaintiff's opening brief on appeal contends governmental entities are subject to civil liability under the federal wiretap statutes. CDC's brief counters that argument and poses other defenses, including the argument that the federal claim is barred by the federal statute of limitations. Plaintiff addresses the statute of limitations issue in his reply brief. We shall conclude the statute of limitations issue is dispositive.

■ Although the trial court did not dispose of the case on the statute of limitations ground, this court may affirm summary judgment for reasons different from the trial court's reasons. (*Davey* v. *Southern Pacific Co.* (1897) 116 Cal. 325, 329 [48 P. 117]; *Troche* v. *Daley* (1990) 217 Cal.App.3d 403, 407-408 [266 Cal.Rptr. 34].)

■ Before turning to the statute of limitations issue, we note this court, as a state court, has jurisdiction over this federal wiretap claim—a point not raised by the parties. Thus, " 'state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States.' [Citations.] To give federal courts exclusive jurisdiction over a federal cause of action, Congress must, in an exercise of its powers under the Supremacy Clause, affirmatively divest state courts of their presumptively concurrent jurisdiction." (*Yellow Freight System, Inc.* v. *Donnelly* (1990) 494 U.S. 820, 823 [110 S.Ct. 1566, 1568, 108 L.Ed.2d 834, 839]; see also, *Williams* v. *Horvath* (1976) 16 Cal.3d 834, 837 [129 Cal.Rptr. 453, 548 P.2d 1125] ["[A]bsent an exclusive grant of jurisdiction to the federal courts in the congressional act, state courts of general jurisdiction have concurrent authority to adjudicate federally created causes of action."].)

We agree with *Young* v. *Young* (1995) 211 Mich.App. 446, 448, fn. 1 [536 N.W.2d 254, 255], that nothing in the federal wiretapping act suggests

*See footnote, *ante*, page 1360.

that Congress confined jurisdiction solely to the federal courts. We therefore conclude we have jurisdiction over plaintiff's federal wiretapping claim.

*Statute of Limitations*

We turn to the question whether plaintiff's *federal* claim is barred by the statute of limitations.

Plaintiff does not dispute that his action is subject to the two-year statute of limitations of 18 United States Code section 2520(e), which provides: "A civil action under this section may not be commenced later than two years after the date upon which the claimant first has a reasonable opportunity to discover the violation."

Here, the violation alleged in the complaint was the placement of the wiretap and listening to plaintiff's conversations. It is undisputed plaintiff learned of this violation no later than April 8, 1992, when the Department of Justice agent played the tape for him.

Plaintiff suggests he did not at that time know of the *illegality* of the taping. However, plaintiff did not raise this factual matter in the trial court and has therefore waived the matter. (*Uriarte* v. *United States Pipe & Foundry Co.* (1996) 51 Cal.App.4th 780, 790 [59 Cal.Rptr.2d 332] [possible theories that were not factually presented to trial court cannot create triable issue on appeal]; *American Continental Ins. Co.* v. *C & Z Timber Co.* (1987) 195 Cal.App.3d 1271, 1281 [241 Cal.Rptr. 466].) Plaintiff's suggestion that CDC had the burden to demonstrate plaintiff's knowledge of the illegality of the taping is incorrect. The federal statute, 18 United States Code section 2520(e), commences the running of the limitations period when the plaintiff has "reasonable opportunity to discover the violation." Thus, even assuming for the sake of argument that "violation" as used in the statute refers to *illegality* of the wiretap, as opposed to mere *existence* of the wiretap, plaintiff had "reasonable opportunity to discover" the illegality once he knew of the existence of the wiretap. Thus, by its own terms the statute of limitations began to run on April 8, 1992. (See e.g., *Andes* v. *Knox* (8th Cir. 1990) 905 F.2d 188, 189 [limitations period of 18 U.S.C. § 2520(e) begins to run when existence of tap is discovered].)

This lawsuit was filed on April 20, 1995—more than two years after the two-year limitations period began to run on April 8, 1992. Thus, plaintiff's federal claim is barred by the federal statute of limitations, unless some tolling provision applies.

Plaintiff contends Government Code section 945.3 (fn. 2, *ante*) applies to toll his federal claim during pendency of the criminal case.[5] If the state tolling provision applies to the federal wiretapping claim, then the two-year limitations period was tolled while the criminal case was pending between March 18, 1993, and February 27, 1995, with the result that the federal claim (filed April 20, 1995) would not be time-barred. CDC argues that, while Government Code section 945.3 may apply to federal claims that do not have their own statute of limitations, the state tolling provision does not apply to a federal claim, such as the federal wiretapping act, which carries its own statute of limitations. CDC is correct.

■ Thus, it is a well-settled rule under the supremacy clause of the United States Constitution (art. VI, cl. 2)[6] that no state law can impede or burden valid laws enacted by Congress. (*Felder* v. *Casey* (1988) 487 U.S. 131, 138 [108 S.Ct. 2302, 2306-2307, 101 L.Ed.2d 123, 138] [Wisconsin statute requiring notice of claim, prior to state court suit against local governmental entity, held to be inapplicable to 42 U.S.C. § 1983 action brought in state court].) Even if the statute of limitations issue is considered to be procedural rather than substantive, "the general rule is that where an action founded on a federal statute is properly brought in the state courts, the law of the state, *in the absence of any contrary provisions in the federal statute* [fn. omitted], controls in matters of practice and procedure. [Citation.]" (*Bach* v. *County of Butte* (1983) 147 Cal.App.3d 554, 561-562 [195 Cal.Rptr. 268], italics added [state courts should apply federal law to determine whether complaint sufficiently pleads federal civil rights claim under 42 U.S.C. § 1983].) Uniformity in adjudication of federally created rights is desirable. (*Wilson* v. *Garcia* (1985) 471 U.S. 261, 270 [105 S.Ct. 1938, 1944, 85 L.Ed.2d 254, 263] [consistent with federal interest in uniformity, federal law governs characterization of 42 U.S.C. section § 1983 claims as personal injury claims for statute of limitations purposes, while state law governs length of limitations period]; *Brown* v. *Western R. of Alabama* (1949) 338 U.S. 294, 299 [70 S.Ct. 105, 108, 94 L.Ed. 100, 104]; *Bach* v. *County of Butte. supra*, 147 Cal.App.3d at p. 563.)

---

[5]The parties appear to agree this case involves a "peace officer" triggering the tolling provision of Government Code section 945.3.

[6]The supremacy clause (U.S. Const., art. VI, cl. 2) provides: "This Constitution, and the laws of the United States which shall be made in pursuance thereof; . . . shall be the supreme law of the land; and the judges in every state shall be bound thereby, any thing in the Constitution or laws of any state to the contrary notwithstanding."

■ Here, the federal wiretap law has express provision for a two-year limitations period, with no express tolling provision.[7] In such circumstances, state tolling provisions do not apply.

■ Thus, "If Congress explicitly puts a limit upon the time for enforcing a right which it created, there is an end of the matter. The Congressional statute of limitation is definitive." (*Holmberg* v. *Armbrecht* (1945) 327 U.S. 392, 395 [66 S.Ct. 582, 584, 90 L.Ed. 743, 746, 162 A.L.R. 719] [for federal suit in equity carrying no federal limitations, state statute of limitations applied, but subject to same federal equitable tolling (for fraudulent concealment by defendant) applicable to federal statutes of limitations].) "[S]tate tolling and savings provisions do not apply when Congress has provided a federal statute of limitations for a federal claim. [Citations.]" (*Victor Foods* v. *Crossroads Economic Development* (8th Cir. 1992) 977 F.2d 1224, 1227 [state savings clause inapplicable in breach of contract/fraud action against Small Business Administration which is governed by federal statute of limitations].) "When Congress has provided a federal statute of limitation for a federal claim . . . , state tolling and saving provisions are not applicable. [Citations.]" (*Brown* v. *Hartshorne Public School Dist. No. 1* (10th Cir. 1991) 926 F.2d 959, 961 [state savings statute, giving plaintiff one year to refile after nonmerit dismissal of action, was inapplicable in title VII (42 U.S.C. § 2000e et seq.) action which is governed by federal statute of limitations].)

"Statutes of limitations are not simply technicalities. On the contrary, they have long been respected as fundamental to a well-ordered judicial system." (*Board of Regents* v. *Tomanio* (1980) 446 U.S. 478, 487 [100 S.Ct. 1790, 1796, 64 L.Ed.2d 440, 449].) "In virtually all statutes of limitations the chronological length of the limitation period is interrelated with provisions regarding tolling, revival, and questions of application." (*Id.* at pp. 485-486 [100 S.Ct. at p. 1796].) Tolling provisions which create exceptions to the statute of limitations "are an integral part of a complete limitations policy." (*Id.* at p. 488 [100 S.Ct. at p. 1797].)

Thus, where Congress has expressly set a limitations period on a federal claim, state statutes of limitations, including state tolling provisions, do not apply.

Plaintiff cites federal civil rights cases where state statutes of limitations, including tolling provisions, were applied to federal claims, upon findings that the state provisions were not inconsistent with the purpose of the federal

---

[7]We note Congress has enacted express tolling provisions in other types of cases, e.g., under the Clayton Act, federal antitrust claims by private parties or states are tolled pending civil or criminal antitrust proceedings instituted by the United States. (15 U.S.C. § 16(i).)

legislation. (*Donoghue* v. *Orange County* (9th Cir. 1987) 848 F.2d 926 [federal civil rights claim under 42 U.S.C. § 1983]; *Johnson* v. *City of Chico* (E.D.Cal. 1989) 725 F.Supp. 1097 [statute of limitations for civil rights action under 42 U.S.C. § 1983 is drawn from state statute of limitations].)

However, the cited cases involved the inapposite situation of federal claims for which there was *no* federal statute of limitations.[8] In such cases, the general rule is that state law applies (though in recent years more courts have departed from the general rule and borrowed limitations periods from other federal statutes). (See 19 Wright et al., Federal Practice and Procedure (1998 pocket pt.) § 4519, pp. 45-47.) The cited cases thus are inapplicable where a federal statute expressly provides a limitations period for the federal claim. Indeed, *Johnson* v. *City of Chico, supra,* 725 F.Supp. 1097, stated: "Where Congress has provided a statute of limitations, it governs a federal claim. In the absence of a congressionally determined limitations period, federal courts adopt and apply local statutes applied to like causes of action by the state courts. [Citations.]" (*Id.* at p. 1098.)

Where there is no specifically stated or otherwise relevant federal statute of limitations for a federal substantive claim created by Congress, " 'the controlling period would ordinarily be the most appropriate one provided by state law[]' [and] this 'borrowing' logically included rules of tolling: [¶] . . . [unless they are] 'inconsistent' with federal law." (*Board of Regents* v. *Tomanio, supra,* 446 U.S. at p. 485 [100 S.Ct. at pp. 1795-1796, 64 L.Ed.2d at p. 448], [applied New York limitations period and tolling provision to federal civil rights claim under 42 U.S.C. § 1981]; but see *Wilson* v. *Garcia, supra,* 471 U.S. 261 [105 S.Ct. 1938, 85 L.Ed.2d 254] [consistent with federal interest in uniformity, federal law governs characterization of 42 U.S.C. § 1983 actions as personal injury claims for statute of limitations purposes, while state law governs length of limitations period]; *Williams* v. *Horvath, supra,* 16 Cal.3d at p. 838 [claim provision of Gov. Code, § 911.2 is inoperative in 42 U.S.C. § 1983 action].)

[8]Indeed, the cases cited by plaintiff arose under 42 United States Code section 1983, and such actions are subject to a federal statute directing federal courts to refer to state law when federal law provides no rule, unless the state law is inconsistent with the Constitution and laws of the United States. (42 U.S.C. § 1988(a).)

Though not cited by plaintiff, we note *Harding* v. *Galceran* (9th Cir. 1989) 889 F.2d 906, discussed applicability of Government Code section 945.3 to a federal claim, but there again the federal claim was one for which there was no federal statute of limitations, i.e., 42 United States Code section 1983. *Harding* held (1) the aspect of Government Code section 945.3 which *prohibits* a plaintiff from filing a civil suit while criminal charges are pending is contrary to the objectives of 42 United States Code section 1983 and therefore is precluded by the supremacy clause, but (2) the supremacy clause does not preclude application of the aspect of Government Code section 945.3 which tolls the limitations period on civil actions until criminal charges are resolved. Thus, the plaintiff has the choice whether to file right away or wait.

Where federal claims are governed by state statutes of limitations, state tolling provisions also apply, as long as they are not inconsistent with the purpose of the federal legislation. (*Hardin* v. *Straub* (1989) 490 U.S. 536 [109 S.Ct. 1998, 104 L.Ed.2d 582] [federal court applying state statute of limitations to state prisoner's civil rights action under 42 U.S.C. § 1983 was required to apply state statute tolling limitation period for prisoners]; *City of Huntington Park* v. *Superior Court* (1995) 34 Cal.App.4th 1293 [41 Cal.Rptr.2d 68] [state tolling provision for minors applied to 42 U.S.C. § 1983 action]; *Harding* v. *Galceran*, *supra*, 889 F.2d 906 [discussing application of Gov. Code, § 945.3 in 42 U.S.C. action]; *Leigh* v. *McGuire* (S.D.N.Y. 1981) 507 F.Supp. 458 [no tolling of 42 U.S.C. § 1983 action (based on unlawful wiretap) during pendency of state criminal proceedings].)

"[T]he federal courts have expressed a general willingness to borrow states' tolling and savings provisions in the past, but only when the federal cause of action asserted is governed by a state statute of limitations, i.e., in civil rights actions brought under 42 U.S.C. §§ 1981-1988. [Citations.] When the timeliness of a federal cause of action is measured by a state statute of limitations, it only makes sense to apply the state's tolling and savings provisions, for they are interrelated. [Citations.] The same cannot be said when the federal claim in question is governed by a federal statute of limitations . . . ." (*Beck* v. *Caterpillar Inc.* (7th Cir. 1995) 50 F.3d 405, 406-407 [tolling provision of state savings statute (giving plaintiff one year to refile after nonmerit dismissal of action) did not apply so as to toll federal statute of limitations on Labor Management Relations Act (29 U.S.C. § 141 et seq.) lawsuit which had been timely filed, voluntarily dismissed, and refiled a year later].)

 Thus, in this case, where there is an applicable federal statute of limitations, the California tolling provision in Government Code section 945.3 does not apply.

Plaintiff cites no federal statutory tolling provision which would apply here. Nor does plaintiff argue applicability of any federal equitable tolling doctrine. We nevertheless note we do not believe any federal equitable tolling doctrine applies.

Thus, although not cited by plaintiff, we are aware the United States Supreme Court has said "the mere fact that a federal statute providing for substantive liability also sets a time limitation upon the institution of suit does not restrict the power of the federal courts to hold that the statute of limitations is tolled under certain circumstances not inconsistent with the

legislative purpose." (*American Pipe and Construction Co.* v. *Utah* (1974) 414 U.S. 538, 559 [94 S.Ct. 756, 769, 38 L.Ed.2d 713, 730] (*American Pipe*).) *American Pipe* held a federal statute of limitations on an antitrust action was tolled, apparently pursuant to a judicial power of equitable tolling, by commencement of a class action which was later dismissed for failure to demonstrate that the class was so numerous as to render joinder impracticable. Accordingly, the disbanded class members were allowed to move to intervene in an existing lawsuit that had been filed by another party. However, that decision said nothing about applying a *state* tolling rule. Moreover, *American Pipe* presented considerations not at issue in this case. Thus, in that case, a timely action was filed but was ultimately dismissed, not due to any fault on the part of the plaintiffs. Although the plaintiffs' good faith was not identified as a prerequisite to equitable tolling, the court noted the trial court's ruling on the class action would have been difficult to predict. (414 U.S. at p. 553, fn. 23 [94 S.Ct. at p. 766, 38 L.Ed.2d at pp. 726-727].) The court was concerned that "[a] contrary rule allowing participation only by those potential members of the class who had earlier filed motions to intervene in the suit would deprive . . . class actions of the efficiency and economy of litigation which is a principal purpose of the procedure. Potential class members would be induced to file protective motions to intervene or to join in the event that a class was later found unsuitable. . . . [A] rule requiring successful anticipation of the determination of the viability of the class would breed needless duplication of motions." (*American Pipe, supra*, 414 U.S. at pp. 553-554 [94 S.Ct. at p. 766, 38 L.Ed.2d at pp. 726-727].)

Here, plaintiff presents no similar considerations.

*American Pipe* noted other instances of equitable tolling, e.g., where the plaintiff has refrained from commencing suit because of inducement by the defendant or because of fraudulent concealment. (*American Pipe, supra*, 414 U.S. at p. 558 [94 S.Ct. at pp. 768-769, 38 L.Ed.2d at p. 729].) The court also noted a case where a federal statute of limitations was tolled during pendency of state court proceedings on the same federal claim, where the state proceedings were ultimately dismissed for improper venue and the action was then filed in federal court. (*Id.* at pp. 558-559 [94 S.Ct. at pp. 768-769, 38 L.Ed.2d at pp. 729-730], citing *Burnett* v. *New York Central R. Co.* (1965) 380 U.S. 424 [85 S.Ct. 1050, 13 L.Ed.2d 941] (*Burnett*).) We note that in *Burnett*, the improper venue in state court was not attributed to any fault on the plaintiff's part, since the defendant railroad had previously waived venue to allow suits to proceed in state court. (*Burnett, supra*, 380 U.S. at p. 429 [85 S.Ct. at p. 1055, 13 L.Ed.2d at p. 946].)

Thus, federal equitable tolling generally applies when a defendant's misconduct interferes with a plaintiff's filing of a lawsuit, or in special circumstances, e.g., when a plaintiff files a timely lawsuit which is later dismissed

without fault by the plaintiff. No such circumstance is present here, and plaintiff makes no argument for equitable tolling under the circumstances of this case. Plaintiff does not argue his filing of the prior civil lawsuit, which he voluntarily dismissed, should operate to toll the statute of limitations. We note that in the prior civil lawsuit (which alleged both federal and state claims), CDC did not seek summary adjudication on statute of limitations grounds with respect to the *federal* wiretap claim under 18 United States Code section 2510 (since the prior lawsuit was filed within the federal two-year limitations period). Plaintiff does not argue or demonstrate any occurrence that required him to dismiss the prior lawsuit, so as to support application of federal equitable tolling during pendency of the prior lawsuit. The only basis for tolling asserted by plaintiff is pendency of the criminal proceedings.

We agree with the conclusion of *Hackenburg* v. *Zukowski* (M.D. Pa. 1991) 754 F.Supp. 409 (*Hackenburg*), which held no federal equitable tolling doctrine applied to toll a 42 United States Code section 1983 action (alleging police officers violated plaintiff's rights during arrest) while state criminal proceedings were pending against the civil plaintiff. Although the case was subject to the state statute of limitations (since 42 United States Code section 1983 has no federal statute of limitations), the plaintiff in *Hackenburg* argued the federal equitable tolling doctrine is read into every federal statute of limitations including state statutes adopted by federal law. (754 F.Supp. at p. 411.) The *Hackenburg* court concluded there were no circumstances warranting equitable tolling, stating: "We have been unable to discover any federal court which has indicated that the doctrine of equitable tolling applies under the circumstances presented by this case. The cases relied upon by Hackenburg deal with the *staying* of proceedings by a federal court once an action has been filed in federal court when there is a state proceeding pending. These cases are not dispositive of the issue before the Court. We are of the view that the doctrine of equitable tolling only applies where there is a continuing harm or where the Defendant's actions amounted 'to an affirmative inducement to Plaintiff to delay bringing the action.'" (*Id.* at p. 411, italics added, citing *Ciccarelli* v. *Carey Canadian Mines, Ltd.* (3d Cir. 1985) 757 F.2d 548, 556.)

Here, plaintiff does not argue continuing harm, inducement to delay, or any other circumstance which prevented him from asserting his federal claim in a timely fashion.

We note the United States Supreme Court has indicated pending criminal proceedings may present justification for delay in the institution of civil forfeiture proceedings. (*United States* v. *$8,850* (1983) 461 U.S. 555, 567

[103 S.Ct. 2005, 2013-2014, 76 L.Ed.2d 143, 154].) However, that case did not involve the statute of limitations but rather a claim by the property owner that the delay violated her constitutional right to due process of law. The forfeiture action was filed 18 months after seizure of the property, well within the 5-year statute of limitations. (*Id.* at p. 563, fn. 13 [103 S.Ct. at p. 2011, 76 L.Ed.2d at p. 151].) The court noted the pendency of criminal proceedings is only an element to be considered in determining whether delay was unreasonable and does not automatically toll the time for instituting a forfeiture proceeding. (*Id.* at p. 567 [103 S.Ct. at pp. 2013-2014, 76 L.Ed.2d at p. 154].)

The case before us does not involve any constitutional due process issue, and thus *United States* v. *$8,850* is of no guidance here. In *U.S.* v. *$116,000 in U.S. Currency* (D.N.J. 1989) 721 F.Supp. 701, the court dismissed a civil forfeiture case on statute of limitations grounds, in that it was not filed within the five-year statute of limitations. In rejecting the government's argument arising from a delayed discovery contention, the court said: "Although the government correctly asserts that . . . constitutional . . . considerations may prevent the government from filing a forfeiture claim during the course of criminal proceedings, the government's argument is misdirected. This claimant is not requesting dismissal because of a denial of due process like the claimant in *United States* v. *[$8,850], [supra]*, 461 U.S. 555, . . . 76 L.Ed.2d 143 (1983)[.] [T]his claimant is requesting dismissal because the government is out of time. This Court is unaware of any legal authority precluding the government from filing a forfeiture claim during a criminal proceeding and requesting a stay until the criminal proceeding is concluded." (*U.S.* v. *$116,000 in U.S. Currency, supra*, 721 F.Supp. at p. 704.)

Here, we are unaware of any legal authority precluding plaintiff from filing his *federal* claim while the criminal case was pending.

With respect to consideration of criminal proceedings in civil cases, we also are aware of authority in the context of 42 United States Code section 1983 claims that a plaintiff seeking damages for an allegedly unconstitutional conviction or imprisonment, or for other harms caused by unlawful actions that would render a conviction or sentence invalid, has no claim under 42 United States Code section 1983 until the conviction or sentence is reversed. (*Heck* v. *Humphrey* (1994) 512 U.S. 477 [114 S.Ct. 2364, 129 L.Ed.2d 383].) However, this accrual issue does not present itself in this case, and plaintiff does not argue that it does.

Nor does this case present any issue of federal court proceedings interfering with state courts when state criminal proceedings are involved. (See

generally, *Younger* v. *Harris* (1971) 401 U.S. 37 [91 S.Ct. 746, 27 L.Ed.2d 669].)

We also have no occasion in this appeal to consider or decide whether a timely filed civil complaint could be stayed pending completion of criminal proceedings. (See, e.g., *Johnson* v. *Railway Express Agency* (1975) 421 U.S. 454, 465 [95 S.Ct. 1716, 1722-1723, 44 L.Ed.2d 295, 304] [holding that timely filing of administrative complaint alleging racial discrimination under title VII (42 U.S.C. § 2000e) did not toll limitations period for racial discrimination action based on same facts filed in federal court under 42 United States Code section 1981 (which had no federal statute of limitations, and suggesting a plaintiff could timely file 42 United States Code section 1981 lawsuit and ask trial court to stay proceedings pending completion of administrative proceedings].) Here, plaintiff voluntarily dismissed his prior lawsuit rather than request a stay of proceedings.

We conclude the federal two-year statute of limitations applies to this case and was not tolled by the pendency of criminal proceedings in state court. Since the complaint which is the subject of this appeal was filed more than two years after commencement of the applicable two-year federal limitations period, the action is barred.

## DISPOSITION

The judgment is affirmed. CDC shall recover its costs on appeal.

Puglia, P. J., and Raye, J., concurred.