[No. D050584. Fourth Dist., Div. One. Oct. 2, 2007.]

EDWARD W. SZNYTER, Plaintiff and Appellant, v.
ROBERT J. MALONE, Defendant and Respondent.

COUNSEL

Edward W. Sznyter, in pro. per., for Plaintiff and Appellant.

Koeller, Nebeker, Carlson & Haluck, Robert W. Harrison, Patrick J. Kearns; Neil, Dymott, Frank, Harrison & McFall and James A. McFall for Defendant and Respondent.

OPINION

**HUFFMAN, Acting P. J.**—In this limited civil action arising under 47 United States Code section 227, commonly known as the Telephone Consumer Protection Act of 1991 (TCPA or the Act), we must determine whether a state or federal statute of limitations correctly applies, where plaintiff is asserting a private right of action for damages for violations of the Act. The matter was certified for transfer to this court on the motion of the superior court's appellate division, after it affirmed the trial court's judgment on the pleadings in favor of the defendant and respondent, the sender of the disputed communications from whom the plaintiff seeks damages under the Act. Both courts determined that the action was time-barred under California law. (Code Civ. Proc.,[1] § 338, subd. (a); Cal. Rules of Court, rule 8.1005.)

Plaintiff Edward W. Sznyter, in propria persona (appellant), alleges he incurred $12,000 damages due to his receipt in 2001–2002 of two sets of two advertising faxes sent to him by the defendant and respondent, Robert J. Malone, D.D.S., a professional corporation (respondent). Appellant's complaint was dismissed after the trial court granted a defense motion for judgment on the pleadings, finding that the action was filed too late under the three-year limitations period applicable to a statutory cause of action pursuant to section 338, subdivision (a).

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

Appellant argues the trial court erred in failing to apply the four-year limitations period set forth in 28 United States Code section 1658, which is a federal catchall statute of limitations that applies to cases in which the federal statute giving rise to the action was enacted after 1990 and does not specify its own limitations rules. He further contends supplemental discovery was erroneously denied.

We agree with appellant that the federal provision controls, for the reasons specified below. Since we will reverse on that issue, we find it unnecessary to address the alleged discovery errors, and direct that the trial court conduct further appropriate proceedings.

## FACTUAL AND PROCEDURAL HISTORY

### A

### Complaint, Discovery Request and Motions

The complaint was filed as a limited civil action on May 6, 2005, in San Diego Superior Court. Appellant alleges he received four facsimile transmissions from respondent between May 7, 2001 and January 29, 2002, in violation of the TCPA. He claims he had two telephone numbers and there were eight violations, for which he sought $4,000 in damages, along with treble damages, for a total of $12,000 for the receipt of those advertising transmissions. (47 U.S.C. § 227(b)(3)(B), (C).)

The briefs and the superior court file show that this is the second complaint filed by appellant for two of the same alleged 2001 violations. In 2001, his previous small claims action was dismissed by the small claims court, on the grounds that there was then no recognized state private right of action under this statutory scheme. After another appellate court issued a published decision, *Kaufman v. ACS Systems, Inc.* (2003) 110 Cal.App.4th 886 [2 Cal.Rptr.3d 296] (*Kaufman*), finding that a private right of action in state court was permissible under the TCPA statute, appellant filed the current complaint.

Appellant served written discovery on respondent on November 10, 2005. Respondent provided responses on December 15, 2005, stating, among other things, that he had retained a company called Fax.com for advertising purposes and believed they were acting in accordance with the applicable law. Correspondence ensued between appellant and counsel for respondent about the adequacy of the responses. Apparently, on February 3, 2006, appellant served respondent with a notice of motion to compel supplemental responses. That document showed a proposed hearing date of March 30,

2006, but its proof of service does not also include any supporting documents, such as points and authorities, declarations, or a statement that leave of court had been obtained as a departmental prerequisite to filing a motion to compel supplemental responses. (§§ 2030.300, subd. (c), 2033.290, subd. (c).)

On February 7, 2006, respondent filed his motion for judgment on the pleadings on the grounds that appellant's complaint was time-barred by the applicable state limitations period for a claim based upon statute (§ 338, subd. (a) [setting a three-year period for the filing of "[a]n action upon a liability created by statute, other than a penalty or forfeiture"].) Under this view, appellant had only until January 29, 2005, three years after the last fax received, to file the complaint. Respondent argued that the language of the · TCPA sufficiently referenced those state procedural rules, because 47 United States Code section 227(b)(3) allows a plaintiff to pursue a private right of action seeking damages "*if otherwise permitted by the laws or rules of court of a State . . . .*" (Italics added.)

Appellant responded that since the TCPA was not enacted until 1991, and since the above quoted language (in 47 U.S.C. § 227(b)(3)) does not expressly provide for a clearly applicable limitations period, then the federal statute of limitations found in 28 United States Code section 1658(a) should apply, providing a four-year limitations period, as follows: "*Except as otherwise provided by law*, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues." (Italics added.) 28 United States Code section 1658, the catchall statute, part of the Judicial Improvements Act, was enacted in 1990. (*Jones v. R. R. Donnelley & Sons Co.* (2004) 541 U.S. 369 [158 L.Ed.2d 645, 124 S.Ct. 1836] (*Jones*).)

B

Judgment on the Pleadings and Appeals

Following oral argument, the trial court confirmed a tentative ruling granting judgment on the pleadings for respondent. The court determined appellant's action was time-barred, on the basis that the statute of limitations for a private right of action under the TCPA should be the state law applicable to statutory causes of action, section 338, subdivision (a). The trial court explained at the hearing: "The [TCPA], which is what you are seeking to enforce here, says that you can file . . . a private action if it's otherwise permitted by the laws of the state. And obviously this is the state of California. Okay. So if you are going to seek to enforce the [TCPA] in California, then you have to look at what the [TCPA] says. You can file that action as long as you comply with whatever laws apply to such an action in

the state courts of that state . . . and the state of California law is this C.C.P. 338(a) . . . then you have to bring that within three years."

The court further found the federal limitations statute should not apply because the TCPA "otherwise provided" for a limitations period, through its reference to the permission of the laws or rules of court of a state. (47 U.S.C. § 227(b)(3).) Further, no tolling period applied, due to the previous small claims action or otherwise. These rulings disposed of the action in its entirety.

Appellant filed his notice of appeal to the appellate division of the superior court on April 26, 2006, referring to both the judgment and the denial of discovery. The appellate court affirmed the trial court's rulings, and issued an order certifying transfer to this court, based on the need for uniformity of decision or to settle an important question of law, which it identified as follows: "the statute of limitations applicable to these cases. There are no published California cases addressing this issue. As most TCPA claims are brought in small claims court and are not appealed, this case presents a rare opportunity to obtain a published decision by the Court of Appeal on this recurring issue." (See Cal. Rules of Court, rule 8.1002.)

## DISCUSSION

To resolve the question of which statute of limitations should apply to this case, we first outline the relevant statutory language and previous interpretations of the TCPA on related procedural points. We then refer to the policies generally applicable to California limitations rules, and also, due to the 1991 date of enactment of the TCPA, we consider the applicability of the 1990 federal "catchall" statute of limitations found in 28 United States Code section 1658. In *Jones, supra*, 541 U.S. 369, the United States Supreme Court analyzed the policies promoted by the federal catchall statute of limitations, such as uniformity of decision, in the comparable context of civil rights cases arising under recent amendments to 42 United States Code section 1981 that postdated the federal catchall provision.

With that background, we can then explain the applicability of the federal catchall statute in this situation.

### I

### *TCPA STATUTORY SCHEME: BACKGROUND*

The TCPA is one section of chapter 5 of title 47 of the United States Code, found at 47 United States Code section 151 et seq. (wire and radio communication). Under the TCPA (47 U.S.C. § 227), and specifically subdivision

(b)(3), a private right of action to seek damages for violations may be pursued as follows: "A person or entity may, *if otherwise permitted by the laws or rules of court of a State*, bring in an appropriate court of that State . . . . [¶] . . . [¶] (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater . . . . [¶] . . . [¶] If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." (Italics added.)

This subdivision, 47 United States Code section 227(b)(3), was interpreted in *Kaufman, supra*, 110 Cal.App.4th 886, for purposes of clarifying that individuals who were recipients of unsolicited facsimile advertisements were allowed to bring either class actions against companies sending the faxes, or individual complaints on their own private rights of action in state court. Other constitutional issues involving free speech and due process were also extensively addressed, but those problems are not presented in the case before us. (*Id.* at p. 895.)

In *Adler v. Vision Lab Telecommunications, Inc.* (D.D.C. 2005) 393 F.Supp.2d 35, 37, the court characterized the statutory phrase in 47 United States Code section 227(b)(3), if " 'otherwise permitted by the laws of a State' " as "ambiguous." In its ruling, the district court adhered to the reasoning of other cited cases, e.g., *Kaufman, supra*, 110 Cal.App.4th 886, in rejecting "the notion that states must take affirmative action to provide their citizens with a forum for TCPA claims." (*Adler, supra*, at p. 38.) Instead, the district court recognized that a private right of action is authorized under 47 United States Code section 227(b). The court said that the weight of the authority held that this "term simply 'acknowledges the principle that states have the right to structure their own court systems and that state courts are not obligated to change their procedural rules to accommodate TCPA claims.' " (*Adler, supra*, at p. 37.)

The private right of action issue is settled, and for our purposes, *Kaufman* is mainly instructive in its reference to the legislative history of the TCPA. The court rejected arguments against permitting class actions under the Act, by citing to remarks by the sponsor of the Act, Senator Hollings, to the effect that he hoped that: " 'States will make it as easy as possible for consumers to bring [TCPA] actions, preferably in *small claims court*.' [Citation.] But the senator also said, 'The [Act] does not, because of constitutional constraints, dictate to the States which court in each State shall be the proper venue for such an action, as this is a matter for State legislators to determine.' [Citation.] The senator 'expect[ed] that the States [would] act reasonably in

permitting their citizens to go to court to enforce this [Act].' [Citation.]" (*Kaufman, supra,* 110 Cal.App.4th 886, 924.)

Further, in *Kaufman, supra,* 110 Cal.App.4th 886 at pages 924 to 925, the court referred to a law review article also discussed by the parties here, Biggerstaff, *State Courts and the Telephone Consumer Protection Act of 1991: Must States Opt-In? Can States Opt-Out?* (2001) 33 Conn. L.Rev. 407, 431 (Biggerstaff). That article addressed a different procedural question than is presented here (whether enabling legislation was required by the states to facilitate pursuing a private right of action under the TCPA). Regarding that point, the article states: "[W]hen a state court hears a case brought under a federal law, local laws control procedure, jurisdiction, administration, and venue. It is often said that 'federal law takes the state courts as it finds them,' . . . [¶] The particulars of a TCPA case (jurisdiction, venue, residency, amount in controversy, etc.) must fit the administrative and jurisdictional rules of the state court hearing the case. The Supremacy Clause does not reach these administrative and procedural issues . . . . Congress cannot command which court in a state has jurisdiction over TCPA claims. Nor can it mandate the 'modes of procedure . . .' . . . ." (Biggerstaff, *supra,* at p. 431, fns. omitted.)

The Biggerstaff article took the "modes of procedure" term from the early case of *Second Employers' Liability Cases* (1912) 223 U.S. 1, 56–57 [56 L.Ed. 327, 32 S.Ct. 169], representing the concept that when federal law is enforced in state courts, federal law does not normally operate to "enlarge or regulate the jurisdiction of state courts or to control or affect their modes of procedure." (*Id.* at p. 56.) Rather, where a state court's ordinary jurisdiction, "as prescribed by local laws," is appropriately invoked in conformity with those laws, then the federal law may be enforced and is "susceptible of adjudication according to the prevailing rules of procedure." (*Id.* at p. 57; see also Biggerstaff, *supra,* at pp. 407, 431, quoting *Second Employers' Liability Cases* and citing *Howlett v. Rose* (1990) 496 U.S. 356, 367 [110 L.Ed.2d 332, 110 S.Ct. 2430] ["Federal law is enforceable in state courts not because Congress has determined that federal courts would otherwise be burdened or that state courts might provide a more convenient forum—although both might well be true—but because the Constitution and laws passed pursuant to it are as much laws in the States as laws passed by the state legislature. The Supremacy Clause makes those laws 'the supreme Law of the Land,' and charges state courts with a coordinate responsibility to enforce that law according to their regular modes of procedure."].)

In our case, there is no dispute that California courts may have jurisdiction over a timely filed case asserting a private right of action under the TCPA, but that does not answer the limitations question.

## II

### STATE LIMITATIONS RULES AND PROCEDURE; TOLLING

■ In a closely related context, i.e., choosing a limitations provision in a state court case in which more than one state statute could potentially apply to that single cause of action, the California Supreme Court has set forth the following rules to resolve the problem: "To determine the statute of limitations which applies to a cause of action it is necessary to identify the nature of the cause of action, i.e., the 'gravamen' of the cause of action. [Citations.] '[T]he nature of the right sued upon and not the form of action nor the relief demanded determines the applicability of the statute of limitations under our code.' [Citation.]" (*Hensler v. City of Glendale* (1994) 8 Cal.4th 1, 22–23 [32 Cal.Rptr.2d 244, 876 P.2d 1043].) Generally, a statute of limitations will begin to run upon the occurrence of the last element essential to the cause of action. (See *Neel v. Magana, Olney, Levy, Cathcart & Gelfand* (1971) 6 Cal.3d 176, 187 [98 Cal.Rptr. 837, 491 P.2d 421].)

■ In *Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 396–397 [87 Cal.Rptr.2d 453, 981 P.2d 79], the Supreme Court analyzed the policies promoted by statutes of limitations, including discovery and tolling rules, and determined that "[t]he two public policies identified above—the one for repose and the other for disposition on the merits—are equally strong, the one being no less important or substantial than the other. [Citations.] To establish any particular limitations period under any particular statute of limitations entails the striking of a balance between the two. To establish any such period under any such statute belongs to the Legislature alone [citation], subject only to constitutional constraints [citation]." (*Ibid.*)

As a threshold matter, we now address appellant's argument that he is entitled to an 800-day tolling period for the time lapse between the dismissal of his small claims action and the filing of his current limited civil action, due to the issuance during that time period of the leading *Kaufman* decision (*Kaufman, supra,* 110 Cal.App.4th 886), which clarified that a private right of action was authorized by the TCPA. Appellant is arguing that the San Diego and Los Angeles Superior Courts were refusing to process cases alleging private rights of action under the TCPA, based upon their then interpretation of the statute and case law.

 We must reject this contention that appellant's allegations of damage from the 2001–2002 faxes are somehow entitled to the benefit of delayed accrual or tolling, simply because of the pendency of that other litigation. First, the small claims court is a division of the superior court, subject to the same general limitations rules. (§§ 116.210, 116.310; see Cal. Judges Benchbook: Small Claims Court and Consumer Law (CJER 2006) § 1.3, p. 3; *id.*, § 322, pp. 41–42 [small claims trial judges should recognize and deal with limitations issues sua sponte if necessary].) The superior court may treat an action as a limited civil case if specified conditions are satisfied, concerning the amount in controversy and other factors. (§ 85.) This does not affect the rules regarding the limitation of actions otherwise provided in section 312 et seq.

 If appellant is relying on an exception to the retroactivity of a judicial decision to seek tolling, he is mistaken. (See *Gentis v. Safeguard Business Systems, Inc.* (1998) 60 Cal.App.4th 1294, 1305–1306 [71 Cal.Rptr.2d 122] [" 'Several factors are relevant in determining whether an exception to the general rule of retroactivity is warranted, including: "the reasonableness of the parties' reliance on the former rule, the nature of the change as substantive or procedural, retroactivity's effect on the administration of justice, and the purposes to be served by the new rule. [Citations.]" [Citation.]' [Citation.]"].) Merely because the *Kaufman* decision (*Kaufman, supra,* 110 Cal.App.4th 886) clarified widespread confusion about private rights of action in this context does not excuse appellant from acting diligently to preserve his rights during the time period that the other cases were pending. He could have filed another case sooner outside of the small claims jurisdiction.

 Also, to the extent appellant is claiming that he should be excused, for constitutional reasons, from filing earlier due to the pending *Kaufman* decision (*Kaufman, supra,* 110 Cal.App.4th 886), the applicable rules do not support that claim. Even though generally, the operation of statutes of limitations is considered to be a procedural matter in California, if a limitations period has been legislatively shortened, constitutional and substantive issues will arise concerning retrospective application if: "[I]n a given case, that retrospective application may violate due process by in effect eliminating the plaintiff's right. If the time left to file suit is reasonable, no such constitutional violation occurs, and the statute is applied as enacted. If no time is left, or only an unreasonably short time remains, then the statute cannot be applied at all." (*Aronson v. Superior Court* (1987) 191 Cal.App.3d 294, 297 [236 Cal.Rptr. 347].) It is a question of law whether a party has a reasonable time after a change in the law to file an action. (*Ibid.*)

This record does not support a conclusion that appellant was unreasonably foreclosed from taking action to protect his rights due to the sequence of

events involving the 2001 small claims dismissal or the 2003 issuance of the *Kaufman* decision (*Kaufman, supra,* 110 Cal.App.4th 886). (See also 9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, § 978, p. 1029 [court opinions operate differently from legislation because courts declare law rather than make law].) The issue still remains whether the state or federal statute of limitations for this TCPA action should apply to this complaint.

## III

### *GUIDANCE IN FEDERAL AND OUT-OF-STATE CASE LAW*

The operative question is whether the federal four-year catchall statute of limitations, applicable to any actions arising under federal statutes that were enacted after December 1, 1990, and that do not contain their own limitations period (28 U.S.C. § 1658), should control here in light of the precise language of the TCPA. (See 3 Witkin, Cal. Procedure (2007 supp.) § 108, pp. 36–37.) The language in 47 United States Code section 227(b)(3), "*if otherwise permitted by the laws or rules of court of a State,* [a person may bring an action . . .]" (italics added), is ambiguous.

Because the TCPA was enacted in 1991, and contains this ambiguity regarding procedures, we deem it appropriate to turn to *Jones,* the leading interpretation of the federal catchall statute that was enacted in 1990 in response to existing problems with the practice of borrowing state limitations rules. In *Jones, supra,* 541 U.S. 369, 381, the Supreme Court explained the purpose of 28 United States Code section 1658 is to supply the following: " 'a general, 4-year limitations period for any federal statute subsequently enacted without one of its own.' " (*Jones, supra,* at pp. 380–381, fn. 14, quoting *North Star Steel Co. v. Thomas* (1995) 515 U.S. 29, 34 [132 L.Ed.2d 27, 115 S.Ct. 1927] [" 'a uniform nationwide limitations period for a federal cause of action is *always* significantly more appropriate' than a rule that applies in some States but not in others. [Citation.]"].) The *Jones* case arose under 42 United States Code section 1981. There, the Supreme Court relied in part on one of its previous cases, *Wilson v. Garcia* (1985) 471 U.S. 261, 266–267 [85 L.Ed.2d 254, 105 S.Ct. 1938] (*Wilson*), which we will next briefly discuss, in order to seek guidance for the interpretation of the subject introductory language of 28 United States Code section 1658(a): "*Except as otherwise provided by law,* a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues." (Italics added.)[2]

---

[2] In *Wilson,* the Supreme Court dealt with the problem of choosing which New Mexico statute of limitations to borrow, in a federal action under 42 United States Code section 1983

■ For our current purposes, the lesson of *Wilson* is that "[w]hen Congress has not established a time limitation for a federal cause of action, the settled practice has been to adopt a local time limitation as federal law *if it is not inconsistent with federal law or policy to do so*." (*Wilson, supra*, 471 U.S. 261, 266–267, italics added.) To decide if utilizing California's three-year limitations statute for liabilities created by statute is "inconsistent" with federal law in this context, we seek to implement Congress's evident purposes in creating the TCPA private right of action, and in allowing it to be enforced in state courts.

In 2004, the United States Supreme Court in *Jones* analyzed whether an amendment to an existing federal statute (42 U.S.C. § 1981), where the amendment postdated December 1, 1990 (when 28 U.S.C. § 1658's four-year statute of limitations was created), would create rights that were subject to the new catchall limitations statute. The Supreme Court said yes, because such a plaintiff's claim against a defendant "*was made possible by a post-1990 enactment*. That construction best serves Congress' interest in alleviating the uncertainty inherent in the practice of borrowing state statutes of limitations while at the same time protecting settled interests. It spares federal judges and litigants the need to identify the appropriate state statute of limitations to apply to new claims but leaves in place the 'borrowed' limitations periods for pre-existing causes of action, with respect to which the difficult work already has been done." (*Jones, supra*, 541 U.S. 369, 382, italics added.) The main reasoning of the court was as follows: "Nothing in the text or history of § 1658 supports an interpretation that would limit its reach to entirely new sections of the United States Code. An amendment to an existing statute is no less an 'Act of Congress' than a new, stand-alone statute. What matters is the substantive effect of an enactment—the creation of new rights of action and corresponding liabilities—not the format in which it appears in the Code." (*Jones, supra*, at p. 381.) Under that rationale, the date of enactment of the newly created right is the key consideration, at least in federal court, applying federal law.

Title 28 United States Code section 1658 includes a practice commentary giving the background of the enactment of this statute, and it points out that under federal law, "[i]f there is any doubt at all about how the statute of limitations should be treated in a given instance, it is usually safer to treat it

---

that alleged injury from police brutality. The court applied 42 United States Code section 1988 to control the process of selecting rules of decision not provided by Congress, since 42 United States Code section 1983 does not expressly provide its own limitations rules. It decided that state personal injury limitations rules will apply to section 1983 claims, because the two injuries are comparable. (*Wilson, supra*, 471 U.S. at pp. 268, 275–276 [now considered to be superseded by statute, as discussed in *Jones, supra*, 541 U.S. at pp. 377–379]; 3 Witkin, Cal. Procedure, *supra*, § 108, pp. 175–176.) One of the policies promoted by that ruling was to seek uniformity in adjudication of federally created rights. (*Wilson, supra*, at p. 270.)

as a matter of substance, as the York case does [*Guaranty Trust Co. v. York* (1945) 326 U.S. 99 [89 L.Ed. 2079, 65 S.Ct. 1464]], rather than as one of mere procedure." (Practice Commentary, 28 U.S.C.A. (2006) foll. § 1658, p. 349.)

The author of the practice commentary to 28 United States Code section 1658 also interpreted its phrase, "[e]xcept as otherwise provided by law," as requiring some degree of specificity in a newly enacted federal statute that creates a given claim, with respect to providing a controlling period of limitations, in place of the four-year period set out in section 1658. (Practice Commentary, 28 U.S.C.A., *supra*, foll. § 1658, p. 353.) Such specificity appears to be lacking in 47 United States Code section 227(b)(3).

In *Bunnell v. Department of Corrections* (1998) 64 Cal.App.4th 1360, 1369–1371 [76 Cal.Rptr.2d 58] (*Bunnell*), in the course of outlining the rules applicable to establishing limitations periods for federal claims, for which no federal statute of limitations had been supplied, the court relied on the supremacy clause of the United States Constitution (art. VI, cl. 2), for the rule that state law may not impede or burden valid laws enacted by Congress. However, " 'the general rule is that where an action founded on a federal statute is properly brought in the state courts, the law of the state, *in the absence of any contrary provisions in the federal statute . . .* , controls in matters of practice and procedure. [Citation.]' [Citation.]" (*Bunnell, supra*, 64 Cal.App.4th at p. 1369.) In *Bunnell*, the main problem before the court was whether any state tolling provisions should apply to the plaintiff's federal cause of action, where there was also an applicable federal wiretap law that expressly contained a two-year limitations period without any tolling provision. The court concluded those state tolling provisions did not prevail over the federal law. (*Id.* at pp. 1368–1372; see 51 Am.Jur. (2000) Limitation of Actions, § 121, pp. 527–528 ["If a federally created right has no specific period of limitations, state courts, like federal courts, apply the most analogous state period of limitations, including the state tolling provision, as long as [it] is not inconsistent with the purpose of the federal statute." (Fns. omitted; citing *Bunnell, supra*, 64 Cal.App.4th 1360)].)

In a New Jersey case, *Zelma v. Konikow* (2005) 379 N.J. Super. 480 [879 A.2d 1185, 1188], that court found no indication that the federal catchall limitations provisions should not apply to the TCPA, since the TCPA postdated the enactment of the catchall statute. The state court said: "The provisions of the TCPA that make its civil action available only 'if otherwise permitted by the laws or rules of court of a State,' 47 *U.S.C.A.* § 227(b)(2), (c)(5), provide no clear indication of intent to exclude TCPA claims from the scope of § 1658. In *Zelma* [*v. Market USA* (2001) 343 N.J. Super. 356 [778 A.2d 591], a previous opinion,] we held that the phrase 'if otherwise

permitted by' state law and court rules was intended to provide states an opportunity to 'opt-out' of the TCPA and to recognize that states may apply neutral rules and procedures to foreclose TCPA actions. [Citation.] In reaching that conclusion, we considered the purpose of the phrase as explained by federal courts. [Citation.] 'Congress understandably avoided opening federal courts to the millions of potential private TCPA claims . . . . Similarly concerned over the potential impact of private actions on the administration of state courts, Congress included a provision to allow the states to prohibit private TCPA actions . . . .' [Citation.] The length of a limitation period has no obvious relevance to the volume of litigation or the extent of the burden imposed on courts of this state." (*Zelma v. Konikow, supra,* 879 A.2d at pp. 1188, fn. omitted; cf. *Edwards v. Emperor's Garden Restaurant* (Nev. 2006) 130 P.3d 1280, 1287.) Whatever the merits of that latter statement, the fact remains that there are no published California cases choosing between state and federal limitations provisions for a TCPA claim, so this matter of first impression must be decided according to statutory interpretation in light of applicable public policies.

Since it has now been determined by *Kaufman, supra,* 110 Cal.App.4th 886, that this current action, founded on a federal statute, was properly entertained in state court as a private right of action, we next decide whether the TCPA gives any indication of Congress's intent about utilizing state or federal limitations provisions. On the state side, we should consider not only the language of section 338, subdivision (a), but also the body of law that interprets limitations rules in California, since the TCPA refers to suing *"if otherwise permitted by the laws or rules of court of a State."* (47 U.S.C. § 227(b)(3), italics omitted.) To choose between the federal and state limitations statutes, we can adapt the test set forth in *Wilson, supra,* 471 U.S. at page 267. We should first look to federal law if it will most likely carry the TCPA into effect; the next step is considering application of " 'state "common law, as modified and changed by the constitution and statutes" of the forum state.' [Citation.]" (*Wilson, supra,* at p. 267.) Courts are to apply state law under these circumstances only if it is not " ' "inconsistent with the Constitution and laws of the United States." ' [Citation.]" (*Ibid.,* citing 42 U.S.C. § 1988.)

IV

*APPLICATION*

Returning to the California Supreme Court's statements regarding the policies governing limitations rules, we are to consider the "gravamen" of

the cause of action, because " '[t]he nature of the right sued upon and not the form of action nor the relief demanded determines the applicability of the statute of limitations under our code.' [Citation.]" (*Hensler v. City of Glendale, supra,* 8 Cal.4th 1, 22–23.) Likewise, we are mindful that the competing policies, "the one for repose and the other for disposition on the merits—are equally strong, the one being no less important or substantial than the other." (*Norgart v. Upjohn Co., supra,* 21 Cal.4th 383, 396.)

It cannot be ignored that this case, like the case in *Jones, supra,* 541 U.S. 369, "was made possible by a post-1990 enactment" (the TCPA, postdating the enactment of 28 U.S.C. § 1658). The federal limitations statute reads, "[*e*]*xcept as otherwise provided by law*, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues." (28 U.S.C. § 1658, italics added.) Does this "*except as otherwise provided by law*" language clearly take us to the ambiguous statutory language of the TCPA, 47 United States Code section 227(b)(3), that a person or entity may, *if otherwise permitted by the laws or rules of court of a State,* sue under it? If so, does this "*if otherwise permitted by* [*state*] *laws*" phrase specifically put the prospective plaintiff on notice that state, not federal, limitations periods would control? What interpretation of the TCPA provision will best further its purposes?

We disagree with respondent that the language of the TCPA itself clearly provides for the application of the laws of the state in which this private action under the TCPA is brought, to supply a specific state limitations provision. Since the TCPA phrase allowing a private action to be brought "*if otherwise permitted by the laws or rules of court of a State,*" is ambiguous, a plain reading of its language cannot be made without taking into account the additional factor of its enactment date. (47 U.S.C. § 227(b)(3), italics added.) The TCPA would otherwise fall within the scope of 28 United States Code section 1658 as enacted after 1990. The language of 47 United States Code section 227(b)(3) is too general to constitute a state limitations rule that would make unnecessary or inappropriate the otherwise correct application of the federal catchall statute. It is not dispositive that the merits of such federal claims may properly be adjudicated in state courts, since state courts may enforce federal law by utilizing state procedures and limitations rules, but only where "*it is not inconsistent with federal law or policy to do so.*" (*Wilson, supra,* 471 U.S. 261, 266–267, italics added.) The policy of promoting uniformity in enforcing a federally created right of action, as set forth in 28 United States Code section 1658, points toward using the federal statutory limitations period, since the language of 47 United States Code section

227(b)(3) does not sufficiently indicate otherwise. In this context, a choice of limitations rules has substantive implications, as a right of action could otherwise be lost due to the ambiguity of the statute.

We are supported in our decision to apply the federal catchall statute to this state TCPA action by the California authority which instructs us to look to whether the gravamen of the action is federal in nature. " '[T]he nature of the right sued upon and not the form of action nor the relief demanded determines the applicability of the statute of limitations under our code.' [Citation.]" (*Hensler v. City of Glendale, supra,* 8 Cal.4th 1, 22–23.) The purpose of the TCPA is to make it as easy as possible for injured plaintiffs to seek recovery within the terms of the statute, and this policy suggests that a uniform federal limitations period should apply. This does not amount to federal law interfering with state procedure, because state courts have the responsibility to enforce federal law according to their regular modes of procedure, but the TCPA did not clearly incorporate or adopt state rules regarding limitations periods.

Further, by analogy to the three-step process set forth in 42 United States Code section 1988, courts should look to federal law where it is suitable to carry the subject statute into effect. Although the TCPA does not set forth a suitable federal limitations rule, the provisions of 28 United States Code section 1658 do, and it is an accepted practice to construe different federal statutes together to determine limitations rules. (*Bunnell, supra,* 64 Cal.App.4th at pp. 1369–1371.)

■ In *Jones, supra,* 541 U.S. 369, the United States Supreme Court applied the federal catchall statute to a recent amendment to an existing statute that created a right, under the reasoning that "[w]hat matters is the substantive effect of an enactment—the creation of new rights of action and corresponding liabilities—not the format in which it appears in the Code." (*Id.* at p. 381.) The substantive effect of the TCPA is to create a new right of action, which occurred after the federal catchall statute went into effect, so the federal limitations period should apply, because the TCPA does not clearly indicate otherwise. Moreover, California principles regarding limitation of actions do not necessarily favor utilizing the shorter state statute, as opposed to the longer federal statute, because the policy for disposition on the merits is as strong as the policy favoring disposition of stale claims. (*Norgart v. Upjohn Co., supra,* 21 Cal.4th at pp. 396–397.) Because of these conclusions, we need not address the discovery issues that were raised.

## DISPOSITION

The order of the appellate division affirming the trial court judgment in favor of respondent is reversed, and the case is remanded for the appellate division to issue its remittitur and to direct the trial court to enter a different order denying judgment on the pleadings and to conduct such further proceedings as may be appropriate. (Cal. Rules of Court, rule 8.1018.) Each party shall bear its own costs on appeal.

McIntyre, J., and Aaron, J., concurred.